Ronald S. Kravitz (SBN 129704)
James C. Shah (SBN 260435)
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (415) 429-5272
Facsimile: (866) 300-7367
rkravitz@sfmslaw.com
jshah@sfmslaw.com

Jeffrey S. Goldenberg (pro hac to be filed)
GOLDENBERG SCHNEIDER, L.P.A.
One West 4th Street, 18th Floor
Cincinnati, OH 45249
Telephone: (513) 345-8291
Fax: (513) 345-8294
jgoldenberg@gs-legal.com

(Additional Attorneys for Plaintiff Listed on Signature Page)

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHIL SHIN on behalf of himself and all others similarly situated, | Case No.:  5:18-cv-05626 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | |
| PLANTRONICS, INC., | |
| Defendant. | |

The allegations made in this Complaint are based upon information and belief except those allegations that pertain to Plaintiff, which are based on personal knowledge.  Each allegation in this Complaint either has evidentiary support or,

1
**COMPLAINT**

alternatively, pursuant to Rule 11(b)(3) of the *Federal Rules of Civil Procedure*, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## NATURE OF THIS ACTION

1.     Plaintiff Phil Shin ("Plaintiff") brings this proposed class action challenging the actions of Defendant Plantronics, Inc. ("Plantronics" or "Defendant") in the marketing and sale of Plantronics BackBeat FIT wireless headphones (the "Headphones").  Plaintiff seeks damages and equitable relief on behalf of himself and all others similarly situated.

2.     Plantronics markets the Headphones as "sport headphones," and represents on its website, marketing materials, and product packaging that the Headphones are "sweatproof" and "waterproof." Plantronics uses images and videos of sweat-drenched athletes wearing the Headphones while exercising in its promotional materials. According to Plantronics' website, the Headphones allow consumers to "train harder and run longer."

3.      Plantronics further represents on its website, marketing materials, and product packaging that the Headphones offer "up to 8 hours" of wireless listening – enough according to Plantronics to "[p]ower through a week of workouts from a single charge." Plantronics' website uses the tagline: "You never quit.  Neither

should your headphones." Plantronics describes the Headphones on their packaging as "UNSTOPPABLEWARE."

4. In reality, the Headphones are neither sweatproof nor waterproof. And the Headphones' batteries do not last eight hours on a single charge. This is because the Headphones contain one or more defects that cause the battery life to diminish and eventually stop retaining a charge after normal usage, especially when the Headphones are exposed to sweat or water. As a result of the defect(s), the Headphones regularly fail to hold a reasonable charge.

5. Plaintiff is among the tens of thousands of consumers nationwide whose Headphones experience rapidly diminishing battery life and eventual failure to retain a charge after using the Headphones for less than a year. Plaintiff alleges that the Headphones fail to retain an adequate charge in part due to the Headphones' failure to resist sweat and water.

6. Despite receiving countless complaints from consumers, Defendant refuses to acknowledge or attempt to fix the defects. Instead, when consumers return the defective Headphones under Plantronics' one-year warranty, Plantronics sends replacement Headphones that contain the exact same defects, leaving consumers caught in a cycle of use, malfunction, and replacement. Once the warranty-period expires, consumers are often left with only a broken pair of Headphones.

7.     Reasonable consumers like Plaintiff expect that high-end rechargeable Bluetooth headphones will continue to function after minimal use, and would not have purchased the Headphones or would have paid less had they known that Defendant's battery-life, sweatproof, and waterproof representations were false, or that the Headphones contain one or more defects that cause their batteries to rapidly fail.

8.      As a result of Plantronics' actions, Plaintiff and the proposed class have suffered damages. Wireless rechargeable headphones that are unable to retain a charge for a reasonable amount of time are essentially worthless. Had Plaintiff and the members of the proposed class known that Defendant's representations were false and that the Headphones contained the defect(s), they would not have bought them or would otherwise have paid less for them.  At a minimum, the defective Headphones certainly are worth substantially less than what the Plaintiff and members of the class paid to purchase them.

## **PARTIES**

9.     Plaintiff Phil Shin is a California citizen residing in Pasadena, California.  Mr. Shin purchased BackBeat FIT headphones through Amazon.com in March 2015.

10.    Defendant Plantronics, Inc. is a Delaware corporation with its headquarters and principal place of business at 345 Encinal Street, Santa Cruz,

California 95060. Plantronics describes itself as "an audio pioneer and a leader in the communications industry," and designs, manufactures, and markets a range of headsets, headphones and audio and video conferencing products, including the BackBeat FIT headphones.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332(d)(2), as amended by the Class Action Fairness Act of 2005, because the amount in controversy exceeds $5,000,000, exclusive of interests and costs, and because this is a class action in which the members of the class and Defendant are citizens of different states.

12.     Venue is proper in this judicial district under 28 U.S.C. §1391 because Defendant is a resident of Santa Cruz, California, which is located in this district.

## FACTUAL ALLEGATIONS

***Plantronics' Representations Regarding Battery-Life and Sweat Resistance***

13.     Plantronics represents on its website, product packaging, and marketing materials that the Headphones provide eight hours of listening time on a single charge.

14.   For instance, Plantronics' website states in bold lettering that the Headphones feature an "8-HR BATTERY," and urges users to "[p]ower through a week of workouts from a single charge." The small-print "specifications" at the bottom of the webpage state that the Headphones provide "[u]p to 8 hours" of listening time on a single 2-hour charge.[1]

15.   Plantronics' website also states that the "[c]harge time (maximum)" for the Headphones is "[u]p to 2 hours."

16.   Virtually identical representations can be found on Plantronics' product packaging, advertisements, and promotional videos.

17.   Despite Plantronics' representations – which are repeated on Plantronics' website, product packaging, marketing materials, and elsewhere – none of the Headphones have a battery that can be consistently used for eight hours without further charging.  Moreover, as a result of the defect(s), the Headphones often take much longer than two hours to fully charge (if the Headphones accept a charge at all).

18.   Plantronics similarly represents on its website, product packaging, and marketing materials that the Headphones are sweatproof and waterproof.

---

[1] Research has shown that "up to" representations are misleading to consumers, who reasonably interpret "up to" eight hours to mean that they would get eight 8 hours of battery life. Plantronics' headphones, which fail to hold a charge for long, and then not at all, do not provide the expected hours of battery life. As a result, Plantronics' representations are false and misleading to consumers.

19.    Plantronics' website touts the Headphones as "WATERPROOF" and "SWEATPROOF."   Indeed, it describes the Headphones as "[e]ngineered for sport," "flexible and durable," and able to "withstand[] the rain or a rinse under the tap with a waterproof design."

20.    Plantronics' online promotional videos show athletes lifting weights, climbing stairs, jumping rope, running, and riding mountain bikes while wearing the Headphones. One such video describes the Headphones as "SWEATPROOF," "WATERPROOF," and "BUILT FOR AN ACTIVE LIFESTYLE."   Meanwhile, another video proclaims that the Headphones are "DURABLE ENOUGH TO WITHSTAND YOUR SWEATIEST WORKOUTS WITH WATERPROOF AND SWEATPROOF NANO-COATING."

21.    Plantronics' product packaging makes similar representations.   For instance, the front of the box for the Headphones states "SWEAT AND WATERPROOF" in bold letters, and the side of the box states "UP TO 8 HOURS" listening time.   The back of the box describes the Headphones as "Your perfect workout partner" and that the "Rugged, sweat and waterproof design works as hard as you do."

22.    Plantronics ensures that its retailers uniformly promote the same battery life and sweat and water proof messages at consumers' point of purchase.

7
**COMPLAINT**

23.    These representations are false and misleading because the Headphones are not sweatproof or waterproof, and exposure to sweat or moisture exacerbates the battery defect, causing the Headphones to fail to power on or hold a charge for the advertised time.

### *The Headphones Do Not Function As Represented*

24.    The false nature of Plantronics' representations is evident from the virtually unending stream of consumer complaints posted online.  Indeed, negative reviews posted in the last few months on Plantronics' own website[2] alone reflect the sheer scope of the problem:

a.  "These headphones sound good and are comfortable while running, however I experienced a battery life that is much shorter than I expected: typically my battery lasted less than 2 hours, and so I was unable to get two full work-outs in on a single charge and needed to charge after every run. Also, my headphones stopped turning on after about 7 months of use (typical usage for me is 1-3 workouts per week, each lasting about an hour). The headphones haven't suffered any noticeable damage, the charging light still works when they are plugged in, but they will not turn on. In my opinion, it is not acceptable for a product at this price point to stop working after only 7 months of light use." Complaint posted on Plantronics' website (August 2018).

b.  "Hi. I'd like to check whether it is indeed running on 8 hours CONTINUOUSLY after full on single charge OR when you use it sporadically throughout the week? Cos [*sic*] after charging it on full (+-2 hours) then using it continuously for my workout it lasts for about 4 hour plus only?" Complaint posted on Plantronics' website (July 2018).

---

[2] These customer reviews can be found at https://www.plantronics.com/us/en/product/backbeat-fit?gclid=CjwKCAjwoMPcBRAWEiwAiAqZh-onMBYBYxxw9UyYXW4tpIuCkiI1vqdKKJBxkycrd7SJdHrxYX4gZxoCTfIQAvD_BwE.  As of September 6, 2018, there were more than 270 one or two star reviews.

c.  "Not even a year's worth of use out of them. I bought them in mid-December 2017, and probably used them less than 25 times or so. It appears to be a battery issue as they will charge up to the blue light, then I unplug and they won't turn on. Then they show a red light when I replug them in, so they need to be charged again with no usage." Complaint posted on Plantronics' website (August 2018).

d.  "Bought a set of these, and within 7 months they won't turn on anymore... Charging is fine, just doesn't work ... Ownly [*sic*] use them while mowing the lawn, so they are not rough up......" Complaint posted on Plantronics' website (August 2018).

e.  "Used them for a month, had a 6 month injury (disc bulge), went to start using them again and it doesn't hold charge. I charged them for a full day and over night and they still won't turn on." Complaint posted on Plantronics' website (August 2018).

f.  "Battery will not charge. I have had them for a year and just stopped working. For the price you would think they would last longer than this." Complaint posted on Plantronics' website (August 2018).

g.  "Expect to spend close to $100 for a product that will just stop working. Battery holds a charge but it won't turn on. Nice business plan to keep demand high for this product. Second set that has done this. Moving on to another product from a different company." Complaint posted on Plantronics' website (July 2018).

h.  "Product still looks new worn so little. Battery refuses to hold charge. Tried your hold 5 seconds etc, as an ex QC manager for a multi national seems you have not done enough research into failure. Great concept, poor execution not good enough in this era. Complaint posted on Plantronics' website (July 2018).

i.  "I have had my headphones for less than years and really enjoyed them. HOWEVER, they will no longer hold a charge. I have tried two different chargers and when I turn on the headphones the voice says fully charged. But within 30 minutes the headphones die. Should not have battery issues in less than 1 year." Complaint posted on Plantronics' website (July 2018).

**COMPLAINT**

j.  "I bought them before a few months and used them only twice, they was really comfort [*sic*], the sound was ok but missing some bass. The battery run out very fast and I charged them twice, after that they stopped working just charging without complete charge and can't turn on while searching in Google I saw multiple people with the same issue, even at Plantronics facebook." Complaint posted on Plantronics' website (July 2018).

k.  "I purchased these at Costco a while ago. They only lasted for 6 months even though I didn't use them a lot. The charger stopped charging the headphones. I read that lots of other people had same problem. For the short time they worked they were fabulous and then they just couldn't be charged. Heart breaking. And a bad investment for only 6 mo of intermittent use." Complaint posted on Plantronics' website (June 2018).

l.  "I bought this Plantronics Back Beat Fit Bluetooth headset from Best Buy so that I could enjoy music while I workout. I've only used it three times but now the headphones will no longer charge or turn on. It was a complete waste of my money." Complaint posted on Plantronics' website (May 2018).

m.  "Do not buy these. As you can see from the many 1* reviews, there is a significant battery issue where the battery won't charge and the unit won't operate. There are a bunch of issues like this listed on Amazon reviews too. Plantronics won't address it for you if the unit is more than a year old." Complaint posted on Plantronics' website (May 2018).

25.  But the defect is not new.  Plantronics has been receiving similar reports from consumers for years and nevertheless continues to sell the Headphones:

a.  "Less than a week of having them I find out the battery is defected and only a little less than 2hrs from full charge to empty. The headphones should last up to 6-8hrs of music according to the description. I sent them to Plantronics for a replacement and waiting on them right now." Complaint posted on Plantronics' website (2015).

b. "It was great while it lasted. After three months the battery stopped charging. Now I have to ship it back. Covered under warranty yet I have to pay for the shipping. I think I'll go back to the cheap $30 pair I bought off Amazon that lasted a year." Complaint posted on Plantronics' website (2015).

c. "Used the product 5 times and then the battery died and would not charge anymore." Complaint posted on Plantronics' website (2015).

d. "I purchased this item and it stopped charging after only 4 months Contacted manufacturer and since I don't have a receipt they would not honor warrantee I will never buy another product from them." Complaint posted on Plantronics' website (2016).

e. "I bought these headphone solely based on the fact they are marketed as waterproof, not water resistant but water proof. It last about 1 min in the water and now it does not work." Complaint posted on Plantronics' website (2016).

f. "Charged overnight and couldn't even get it to turn on, I've tried everything but I [*sic*] can't even get a light to turn on." Complaint posted on Plantronics' website (2016).

g. "I bought my Backbeat Fit a little over a year ago and loved it. I even bought one for a friend. Unfortunately, I can no longer charge the headset so basically, it is toast. I bought it from an authorized dealer so it was not an inferior product or "second". I am furious because I expect a product that I paid over $100 for to LAST LONGER THAN A YEAR! Prior to the day it just stopped working, there was no indication that it was failing. VERY DISAPPOINTED and VERY FRUSTRATED." Complaint posted on Plantronics' website (2016).

h. "I was able to wear these maybe 6 times to the gym before they just stopped powering on. They still look brand new but are totally dead. These were a complete and total waste of money." Complaint posted on Plantronics' website (2016).

26.   Customer reviews on Amazon.com paint a strikingly similar picture:

a. "Very frustrating, i have purchased many pairs of these. The first ones i got as a gift and they worked great for about 8 months then they suddenly died on me. They where [*sic*] still under warranty and sent me a new pair. These died after about 6 month, then i purchased another pair Another 6 months. I am hard on the headphones wearing them to the gym many times a week so I wasn't too upset about needing to trade them in. The last 3 pair purchased is where the frustration comes from. The first pair stopped working in the right ear after a week, the replacement pair died midway through the 1st time i used them, and the most recent didn't even work out of the box. Very disappointing as I think it could be a great product without these issues." Amazon.com review (June 22, 2018)

b. "I love these headphones, but after a SECOND pair of these 90 dollar headphones stopped working after 6 months I wouldn't recommend them." Amazon.com (November 24, 2017).

c. "Don't buy this - it will die after less than a year. Just got off of an extensive call with Plantronics customer support. I was calling because I've had two pairs of these die after 11 months and 6 months respectively. If you google "plantronics backbeat fit not powering on" you will find plenty of posts about this issue. The rep tried to tell me it is because I'm not using their special USB wall charger (which they don't ship with the product). That makes no sense because USB is an international mechanical and electrical standard and you can't sell USB chargers that don't comply with those standards and call them USB. The 2nd pair lasted 6 months and when I called to get those replaced they said they were not warrantied. Instead they offered to sell me a pair for 50% off instead. I told him no thanks because I now don't think they are worth the shipping cost. Too bad because other than the poor lifetime, I liked them. Not sure I will be buying any plantronics products in the future." Amazon.com review (July 3, 2018).

d. "Purchased 2 units were delivered yesterday, 26 March 2018. When opened and checked, they did not have any factory charge. They would not power on. When plugged for charging, the led light remained red even after more than 3 hours. Different cables and chargers have been used, to no avail. Still, units did not power on. Upon checking online on this problem, it seems there have been

numerous cases like this, dating years back. It is most unfortunate that Amazon continues to carry this product, and has failed to protect its customers. It is likewise most unfortunate that Plantronics, after receiving what appears to be several feedbacks and complaints on the same problem, has continuously failed to recall these products or fix the problem. It seems both Amazon and Plantronics only want to make the sale first, and let the problem of the product be of the customers'. At this day and age, this should be totally unacceptable, and should be loudly condemned! CAUTION IF YOU PLAN TO PURCHASE THIS PRODUCT. IF THEY DO NOT CARE ABOUT YOU, WHY SHOULD YOU CARE BUYING FROM THEM?" Amazon.com review (March 26, 2018).

e. "These lasted 4 months and just stopped working...for $80+, I expected more!" Amazon.com review (July 7, 2017).

f. "These are my second pair - do not function out of the box. Charging light comes on but headphones dont power on. I loved the first pair for the first 9 months until they stopped working for same issue. Seems they have a problem." Amazon.com review (June 25, 2018).

g. "Really wanted to like these headphones, even encouraged co-workers to buy them. At the end of the day Plantronics replacement program is a hassle and the 1 year warranty only is valid for your first purchase. Since these break and blowout every 3 to 4 months, you have to replace them often, and unfortunately you only get 1 year to do that. The warranty doesn't refresh when you get a brand new replacement." Amazon.com review (June 8, 2018).

***The Experiences of Plaintiff Shin***

27.    Plaintiff Shin purchased a pair of BackBeat FIT headphones through Amazon.com in March 2015.

28.    Prior to purchasing the Headphones, Mr. Shin reviewed marketing information from Plantronics on the Amazon.com website.  Under "From the manufacturer," Amazon.com described the Headphones as suitable for exercise, as

13

waterproof and sweatproof, and as providing up to eight hours of listening time on a single charge.  Mr. Shin relied on these representations in deciding to purchase the headphones.

29.    Mr. Shin is an avid runner who purchased the Headphones to listen to music while exercising. When he purchased the Headphones, Mr. Shin reasonably relied upon Plantronics' representation that the Headphones could withstand being used during exercise after seeing Plantronics' "sweatproof" and "waterproof" representations.  Mr. Shin also reasonably relied upon Plantronics' representation that the Headphones' batteries could play for eight hours on a single charge.

30.    Mr. Shin used the headphones during runs and exposed the headphones to sweat and/or water.

31.    In mid-January, 2016, Mr. Shin noticed that the Headphones were becoming difficult to charge.  Approximately one week later, the Headphones failed to power on even though he followed Plantronics' instructions to fully charge them.

32.    Mr. Shin's Headphones stopped working and failed to retain a charge because they were neither "sweatproof" nor "waterproof" as Plantronics represented.

33.    Mr. Shin submitted a warranty claim to Plantronics in February 2016, and Plantronics sent Mr. Shin a replacement pair of Headphones.   A few months later, the replacement Headphones similarly failed to hold a charge and would not stay powered on.

34.    Mr. Shin subsequently spent a significant amount of time contacting Plantronics in an effort to obtain a pair of Headphones that would perform in a manner consistent with Plantronics' representations.   Mr. Shin received two additional replacement Headphones from Plantronics.   Each failed to work as represented as each failed to charge or turn on due to one or more defects.

35.    Had Mr. Shin known that these Headphones contained one or more uniform defects, he would not have purchased them or would have paid significantly less for them.

36.    Had Mr. Shin known that these Headphones were not sweatproof or waterproof, he would not have purchased them or would have paid significantly less for them.

37.    Had Mr. Shin known that the Headphones did not have a battery that would last eight hours and/or were not suitable to use while exercising, he would not have purchased them or would have paid significantly less for them.

15

## CHOICE OF LAW ALLEGATIONS

38.     Because this Complaint is brought in California, California's choice of law regime governs the state law allegations in this Complaint. Under California's governmental interest/comparative impairment choice of law rules, California law applies to the claims of all Class Members, regardless of their state of residence or state of purchase.

39.     Because Plantronics is headquartered — and made all decisions relevant to these claims — in California, California has a substantial connection to, and materially greater interest in, the rights, interests, and policies involved in this action than any other state.  Application of California law to Plantronics and the claims of all Class members would not be arbitrary or unfair.

40.     Plaintiff also pleads breach of express warranty claims for the Nationwide Class as the laws for each state do not vary materially for these claims.

41.     Alternatively, Plaintiff pleads state law subclass claims as indicated below.

## CLASS ACTION ALLEGATIONS

42.     Plaintiff brings this action on behalf of himself and the Nationwide Class defined as follows:

> All persons residing in the United States who, during the maximum period of time permitted by law, purchased BackBeat

FIT headphones primarily for personal, family or household purposes, and not for resale.[3]

43.    In the alternative, Plaintiff brings this action on behalf of himself and the members of the following to Subclass:

All persons residing in the State of California who, during the maximum period of time permitted by law, purchased BackBeat FIT headphones primarily for personal, family or household purposes, and not for resale.

44.    Excluded from these definitions are (1) Defendant, any entity in which Defendant has a controlling interest, and its legal representatives, officers, directors, employees, assigns and successors; (2) the Judge to whom this case is assigned and any member of the Judge's staff or immediate family; and (3) Class Counsel.

45.    As used herein, "Class Members" shall mean and refer to the members of the Nationwide Class and all subclasses, including Plaintiff.

46.    Plaintiff seeks only damages and equitable relief on behalf of themselves and the Class Members.  Plaintiff disclaims any intent or right to seek any recovery in this action for personal injuries, wrongful death, or emotional distress suffered by Plaintiff and/or the Class Members.

47.    Members of the Class and Subclass are so numerous that joinder is impracticable.  While the exact number of class members is unknown to Plaintiff,

---

[3] Plaintiff reserves the right to amend, as necessary, this Class definition and the Subclass definition.

17

it is believed that the Class comprises thousands of members geographically disbursed throughout the United States. Therefore, the Class Members are so numerous that individual joinder of all Class Members is impracticable under Fed. R. Civ. P. 23(a)(1).

48.    Common questions of law and fact exist as to all Class Members, as required by Fed. R. Civ. P. 23(a)(2), and predominate over any individual questions, as required by Fed. R. Civ. P. 23(b)(3).   These common legal and factual questions include:

      a) Whether the Headphones are defective;

      b) Whether Plantronics' claim that the Headphones are "sweatproof" and "waterproof" is deceptive;

      c) Whether Plantronics' claim that the Headphones have "up to 8 hours" of battery life is deceptive;

      d) Whether Plantronics' claim that the Headphones are durable enough to withstand "working out" is deceptive;

      e) Whether Plantronics breached express warranties relating to the Headphones including (1) the Headphones have "up to 8 hours" of use on a single charge; and (2) the Headphones are "sweatproof" and "waterproof";

f) Whether Plantronics breached the implied warranty of merchantability relating to the Headphones;

g) Whether Plantronics breached the implied warranty of fitness for particular purpose relating to the Headphones;

h) Whether Plantronics was unjustly enriched by receiving moneys in exchange for Headphones that were defective;

i) Whether Plantronics should be ordered to disgorge all or part of the ill-gotten profits it received from the sale of the defective Headphones;

j) Whether Plaintiff and the Class are entitled to damages, including compensatory, exemplary, and statutory damages, and the amount of such damages;

k) Whether Plantronics should be enjoined from continuing to sell defective Headphones that do not live up to Plantronics' advertising and marketing claims; and

l) Whether Plantronics engaged in unfair, unconscionable, or deceptive trade practices by selling and/or marketing defective Headphones.

49.   Plaintiff's claims are typical of the claims of the Class Members whom he seeks to represent under Fed. R. Civ. P. 23(a)(3) because Plaintiff and

each Class Member have been similarly affected by Plantronics' actionable conduct.  Plaintiff and all members of the Class purchased defective Headphones that render the Headphones either worthless or worth substantially less than the price paid to purchase the Headphones.  In addition, Plantronics' conduct that gave rise to the claims of Plaintiff and Class Members (i.e. delivering defective Headphones, making false claims with respect to the Headphones, and breaching warranties respecting the Headphones) is the same for all Class Members.

50.    Plaintiff will fairly and adequately represent and protect the interests of the Class Members as required by Fed. R. Civ. P. 23(a)(4).  Plaintiff is an adequate representative because his interests do not conflict with the interests of the Class Members.   Further, Plaintiff has retained counsel competent and experienced in complex class action litigation, including product defect class action litigation, and Plaintiff intends to prosecute this action vigorously. Therefore, the interests of the Class Members will be fairly and adequately protected.

51.    A class action is appropriate under Fed. R. Civ. P. 23(b)(3) because a class action is superior to any other available means for fairly and efficiently adjudicating the controversy. In this regard, the Class Members' interests in individually controlling the prosecution of separate actions is low given the magnitude, burden, and expense of individual prosecutions against a large

corporation such as Defendant. Further, neither Plaintiff nor his counsel are aware of any other on-going class litigation concerning this controversy.  It is desirable to concentrate this litigation in this forum to avoid burdening the courts with individual lawsuits.  Individualized litigation presents a potential for inconsistent or contradictory judgments, and also increases the delay and expense to all parties and the court system presented by the legal and factual issues of this case.  By contrast, the class action procedure here will have no management difficulties.

52.    Plantronics has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FIRST CLAIM FOR RELIEF

### Breach of Express Warranty – Magnuson Moss Warranty Act

### (On Behalf of the Nationwide Class)

53.    Plaintiff re-alleges and incorporates each and every allegation set forth above as if fully written herein.

54.    The Headphones are consumer products as defined in 15 U.S.C. § 2301(1).

55.    Plaintiff and Class Members are consumers as defined in 15 U.S.C. § 2301(3).

56.     Plantronics is a supplier and warrantor as defined in 15 U.S.C. §§ 2301(4) and (5).

57.     Plantronics provided Plaintiff and Class Members with "written warranties" within the meaning of 15 U.S.C. § 2301(6).

58.     15 U.S.C. § 2310(d)(1)(A) and/or § 2310(d)(3)(C) is satisfied because Plaintiff properly invokes jurisdiction under the Class Action Fairness Act ("CAFA").

59.     Plantronics breached two separate express warranties made to Plaintiff.

***Sweatproof & Waterproof:***

60.     Plantronics promised, affirmed, and expressly warranted that the Headphones are sweatproof and waterproof.  In other words, Plantronics expressly warranted to Plaintiff and Class Members that the Headphones would continue to function after being exposed to moisture during exercise.

61.     Plantronics' sweatproof and waterproof warranty became part of the basis of the bargain for Plaintiff and other Class members because they relied on such statements in deciding to purchase the Headphones, and because such statements are among the facts a reasonable consumer would consider material in the purchase of high-end sport headphones.

62.     Plantronics breached its sweatproof and waterproof warranty by delivering Headphones that do not withstand exposure to minimal amounts of sweat and moisture.

63.     At the time the Headphones were sold, Plantronics knew of the defects they possessed and offered an express warranty with no intention of honoring said warranties with respect to the known defects.

64.     Despite repeated demands by Plaintiff and Class Members that Plantronics repair or replace the defective Headphones, Plantronics has refused to provide a permanent fix and simply provides equally defective replacement Headphones. Plantronics' refusal to provide an adequate repair or replacement violates 15 U.S.C. § 2304.

65.     Although notice is not required, where, as here, consumers purchase a product from a retailer rather than a manufacturer, when Plaintiff contacted Plantronics concerning the problems with their headphones, Plantronics was afforded a reasonable opportunity to cure its breach of its express warranty that Headphones would be sweatproof and waterproof, but Plantronics failed to do so.

66.     As a direct and proximate result of Plantronics' breach of its express written warranty regarding the sweatproof and waterproof representations, Plaintiff and Class Members have been damaged in an amount to be proven at trial.

*Battery-Life:*

67.     Plantronics expressly warranted that the Headphones provide "up to 8 hours" of wireless listening on a single charge.

68.     Such statements became the basis of the bargain for Plaintiff and other Class Members because they relied on such statements in deciding to purchase the Headphones, and because such statements are among the facts a reasonable consumer would consider material in the purchase of high-end sport headphones.

69.     Plantronics breached its battery-life warranties by delivering Headphones that do not deliver as promised and fail to retain their charge for eight hours.

70.     At the time the Headphones were sold, Plantronics knew of the defects they possessed and offered an express warranty with no intention of honoring said warranties with respect to the known defects.

71.     Despite repeated demands by Plaintiff and Class Members that Plantronics repair or replace the defective Headphones, Plantronics has refused to provide a permanent fix and simply provides equally defective replacement Headphones.  Plantronics' refusal to provide an adequate repair or replacement violates 15 U.S.C. § 2304.

72.     Although notice is not required, where, as here, consumers purchase a product from a retailer rather than a manufacturer, when Plaintiff contacted

Plantronics concerning the problems with his headphones, Plantronics was afforded a reasonable opportunity to cure its breach of the express warranty, but failed to do so.

73.    As a direct and proximate result of Plantronics' breach of its express written warranties regarding battery-life, Plaintiff and Class Members have been damaged in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

### Breach of Implied Warranty - Magnuson-Moss Warranty Act

### (On Behalf of the Nationwide Class)

74.    Plaintiff re-alleges and incorporates each and every allegation set forth above as if fully written herein.

75.    Plaintiff brings this claim on behalf of the Nationwide Class and the California Subclasses.

76.    The Headphones are "consumer products" within the meaning of 15 U.S.C. § 2301.

77.    Plaintiff and members of the Class are "consumers" within the meaning of 15 U.S.C. § 2301 because they are persons entitled under applicable state law to enforce against the warrantor the obligations of its express and implied warranties.

78.     Plantronics is a "supplier" of consumer products to consumers and a "warrantor" within the meaning of 15 U.S.C. § 2301.

79.     15 U.S.C. § 2310(d)(1)(A) and/or § 2310(d)(3)(C) is satisfied because Plaintiff properly invoke jurisdiction under the Class Action Fairness Act ("CAFA").

80.     Section 2310(d)(1) of Chapter 15 of the United States Code provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

81.     Plantronics made written and implied warranties regarding the Headphones to Plaintiff and Class Members within the meaning of 15 U.S.C. § 2301. Plantronics provided Plaintiff and other Class Members with an implied warranty of merchantability within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(7).

82.     Plantronics breached the implied warranty of merchantability because the Headphones were not fit for the ordinary purpose in which such goods are used.  Specifically, the Headphones contained one or more defects that caused them to fail to retain a charge as advertised, particularly after use during exercise, rendering the Headphones unusable for their ordinary purpose.

83.     Pursuant to 15 U.S.C. § 2310(e), Plaintiff is entitled to bring this class action and are not required to give Plantronics notice and an opportunity to cure

until such time as the Court determines the representative capacity of Plaintiff pursuant to Rule 23 of the Federal Rules of Civil Procedure.

84.     Plaintiff, individually and on behalf of the other Class Members, seeks all damages permitted by law, including diminution in value of their Headphones, in an amount to be proven at trial.

85.     In addition, pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff and the other Class Members are entitled to recover a sum equal to the aggregate amount of costs and expenses (including attorneys' fees based on actual time expended) determined by the Court to have reasonably been incurred by Plaintiff and the other Class Members in connection with the commencement and prosecution of this action.

86.     Further, Plaintiff and the Class are also entitled to equitable relief under 15 U.S.C. § 2310(d)(1) and damages as a result of Plantronics' violation of its written and/or implied warranties.

## **THIRD CLAIM FOR RELIEF**

### **Breach of Express Warranty**

### **(On Behalf of the Nationwide Class or, Alternatively, California Subclass)**

87.     Plaintiff re-alleges and incorporates each and every allegation set forth above as if fully written herein.

88.   Plaintiff alleges that Plantronics breached two separate express warranties.

*Sweatproof & Water-Resistant:*

89.   Plantronics promised, affirmed, and expressly warranted that Headphones are sweatproof and waterproof. In other words, Plantronics expressly warranted to Plaintiff and Class Members that the Headphones would continue to function after being exposed to moisture during exercise.

90.   Plantronics' sweatproof and water-resistant warranty became part of the basis of the bargain for Plaintiff and other Class Members because they relied on such statements in deciding to purchase the Headphones, and because such statements are among the facts a reasonable consumer would consider material in the purchase of high-end sport headphones.

91.   Plantronics breached its sweatproof and waterproof warranty by delivering Headphones that do not withstand minimal amounts of moisture.

92.   At the time the Headphones were sold, Plantronics knew of the defects they possessed and offered an express warranty with no intention of honoring said warranties with respect to the known defects.

93.   Although notice is not required, where, as here, consumers purchased a product from a retailer rather than a manufacturer, when Plaintiff contacted Plantronics concerning the problems with their headphones, Plantronics was

afforded a reasonable opportunity to cure its breach of its express warranty that Headphones would be sweatproof and waterproof, but failed to do so.

94.    As a direct and proximate result of Plantronics' breach of its express written warranty regarding the sweatproof and waterproof representations, Plaintiff and Class Members have been damaged in an amount to be proven at trial.

### *Battery-Life:*

95.    Plantronics expressly warranted that the Headphones provide "up to 8 hours" of wireless listening on a single charge.

96.    Such statements became the basis of the bargain for Plaintiff and other Class Members because they relied on such statements in deciding to purchase the Headphones, and because such statements are among the facts a reasonable consumer would consider material in the purchase of high-end sport headphones.

97.    Plantronics breached its battery-life express warranties by delivering Headphones that do not deliver as promised and fail to retain their charge for six or eight hours.

98.    At the time the Headphones were sold, Plantronics knew of the defects they possessed and offered an express warranty with no intention of honoring said warranties with respect to the known defects.

99.    Although notice is not required, where, as here, consumers purchase a product from a retailer rather than a manufacturer, when Plaintiff contacted

Plantronics concerning the problems with their headphones, Plantronics was afforded a reasonable opportunity to cure its breach of the express warranty, but failed to do so.

100.   As a direct and proximate result of Plantronics' breach of its express written warranties regarding battery-life, Plaintiff and Class Members have been damaged in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

**Implied Warranty of Merchantability – California Song-Beverly Act**

**(On Behalf of Nationwide Class or, Alternatively, California Subclass)**

101.   Plaintiff re-alleges and incorporates each and every allegation set forth above as if fully written herein.

102.   The Headphones are a "consumer good" within the meaning of Cal. Civ. Code § 1791(a).

103.   Plaintiff and members of the Class are "buyers" within the meaning of Cal. Civ. Code § 1791(b).

104.   Plantronics is a "manufacturer" of the Headphones within the meaning Cal. Civ. Code § 1791(j).

105.   Plantronics contracted with retailers so that the retailers could sell Headphones to consumers. Plantronics intended that consumers would be the end

users of Headphones and that consumers would be the beneficiaries of its contracts with retailers to sell Headphones to consumers.

106. Plantronics impliedly warranted to Plaintiff and Class Members that its Headphones were "merchantable" within the meaning of Cal. Civ. Code §§ 1791.1(a) and 1792; however, as described throughout this Complaint, the Headphones do not have the quality that a buyer would reasonably expect, and were therefore not merchantable.

107. Cal. Civ. Code § 1791.1(a) states:

"Implied warranty of merchantability" or "implied warranty that goods are merchantable" means that the consumer goods meet each of the following:
(1) Pass without objection in the trade under the contract description;
(2) Are fit for the ordinary purposes for which such goods are used;
(3) Are adequately contained, packaged, and labeled; and
(4) Conform to the promises or affirmations of fact made on the container or label.

108. The Headphones would not pass without objection in the trade because they do not perform as warranted because they fail to maintain a charge after minimal use and are neither sweatproof nor waterproof.

109. Similarly, the Headphones' failure to maintain a charge after minimal use renders them unfit for ordinary purposes for which such goods are used.

110. The Headphones are not adequately contained, packaged, and labeled for two independent reasons.

111.   The Headphones are not adequately contained, packaged, and labeled because the labeling represents that they are sweatproof and waterproof, which they are not.

112.   Moreover, the Headphones are not adequately contained, packaged, and labeled because the labeling represents that they have a battery that can last eight hours following a single charge, when the battery does not last nearly that long.

113.   For the same reason, the Headphones do not conform to the promises or affirmations of fact made on the container or label.

114.   Plantronics thus breached the implied warranty of merchantability.

115.   Notice of breach is not required because Plaintiff and the other Class Members did not purchase their Headphones directly from Plantronics.

116.   As a direct and proximate result of Plantronics' breach of the implied warranty of merchantability, Plaintiff and the other Class Members did not receive the benefit of their bargain and received goods with a defect and/or that were the product of poor quality materials and workmanship that substantially impairs their value to Plaintiff and Class Members.

117.   Plaintiff and Class Members were damaged as a result of the defects present in the Headphones, the product's malfunctioning, and the nonuse of their Headphones.

118.   Pursuant to Cal. Civ. Code §§ 1791.1(d) & 1794, Plaintiff and Class Members are entitled to damages and other legal and equitable relief including, at their election, the purchase price of their Headphones or the overpayment or diminution in value of their Headphones.

119.   Pursuant to Cal. Civ. Code § 1794, Plaintiff and the other Class Members are entitled to costs and attorneys' fees.

## FIFTH CLAIM FOR RELIEF

**Breach of Implied Warranty of Fitness for a Particular Purpose**

**(On Behalf of the Nationwide Class or, Alternatively, California Subclass)**

120.   Plaintiff re-alleges and incorporates each and every allegation set forth above as if fully written herein.

121.   Defendant marketed, distributed, and/or sold the Headphones with implied warranties that it was fit for its particular purpose of use during exercise.

122.   At the time of purchasing the Headphones, Plaintiff and the Class Members intended to use Headphones during exercise.

123.   Because Defendant extensively marketed Headphones as a product for use during exercise, Defendant knew at the time it sold Headphones to Plaintiff and the Class Members that the Plaintiff and the Class Members intended to use Headphones for that particular purpose.

124.   Plaintiff and the Class Members relied on Defendant's skill and judgment to furnish goods suitable for use during exercise, and for resistance to sweat and water. Plaintiff and the Class Members purchased the Headphones in reliance upon Defendant's implied warranties.

125.   At the time that the Headphones were sold, Defendant knew or had reason to know that Plaintiff and the Class Members were relying on Defendant's skill and judgment to select or furnish a product capable of operating while exercising and after exposure to sweat or moisture during such exercise.

126.   As a direct and proximate cause of Defendant's breach of this implied warranty, Plaintiff and Class Members have been injured and harmed because: (a) they would not have purchased the products on the same terms if the true facts were known concerning the Headphones; (b) they paid a price premium for the products due to Defendant's implied warranties; and (c) they did not receive a product that was fit for its particular purpose of use during exercise and/or after exposure to sweat and moisture.

## SIXTH CLAIM FOR RELIEF

### Violation of California's Consumers Legal Remedies Act ("CLRA")

### (On Behalf of the Nationwide Class or, Alternatively, California Subclass)

127.   Plaintiff re-alleges and incorporates each and every allegation set forth above as if fully written herein.

128.   Plantronics is a "person" as defined by the CLRA. Cal. Civ. Code § 1761(c).

129.   Plaintiff and Class Members are "consumers" within the meaning of the CLRA, as defined by Cal. Civ. Code § 1761(d), who purchased one or more pairs of Headphones.

130.   The CLRA prohibits "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer[.]" Cal. Civ. Code § 1770(a).

131.   Plantronics has engaged in unfair or deceptive trade practices that violated Cal. Civ. Code § 1770(a), as described above and below, by, among other things, failing to disclose the defective nature of the Headphones despite its knowledge of the defects dating back at least several years, representing that the Headphones had characteristics and benefits that they do not have (e.g., durability, battery-life, sweatproof, waterproof, the ability to use during workouts), representing that the Headphones were of a particular standard, quality, or grade when they were of another, and advertising Headphones with the intent not to sell them as advertised. See Cal. Civ. Code §§ 1770(a)(5), (a)(7), (a)(9).

132.   The information Plantronics concealed and/or failed to disclose to Plaintiff and Class Members concerning these defects is material because reasonable consumers would consider the Headphones' battery defect(s) that

causes them to fail to hold a reasonable charge and become inoperable during their useful life to be important information when deciding whether to purchase rechargeable, wireless sport headphones.

133.   Plaintiff and Class members would have behaved differently by not buying the Headphones and/or paying less for the Headphones, had they been aware that the Headphones were defective.

134.   Defendant was obliged to disclose the material facts as to the defects because: a) Defendant had exclusive knowledge (dating back at least several years) of the material facts not known to Plaintiff and Class Members, since only Defendant had access to the aggregate data from its retailers, its own research and tests, and complaints from its customers through its warranty and customer service database(s); and b) Defendant actively concealed and suppressed the material facts from Plaintiff and Class Members by not warning of the battery defect at the time of purchase; and (c) Defendant made partial representations about the Headphones' battery life, waterproof, and sweatproof qualities through a long-term advertising campaign while withholding the material fact that the Headphones have defects that render them inoperable.

135.   Plaintiff and Class Members justifiably acted or relied to their detriment upon the concealment and/or non-disclosure of material facts as evidenced by their purchases of the defective Headphones.   Had Defendant

disclosed the material fact that the Headphones had one or more defects that cause them to lose the ability to hold a reasonable charge, Plaintiff and Class Members would have behaved differently by not buying the Headphones and/or paying less for the Headphones.

136.    Defendant's omissions of material facts directly and proximately caused Plaintiff's and Class Member's injuries in that Plaintiff and Class Members would not have overpaid for the Headphones.    As such, Plaintiff and Class Members did not receive the benefit of the bargain

137.    Plantronics' misrepresentations about battery-life constitute an independent basis for a violation of the CLRA.

138.    Plantronics' misrepresentations about the Headphones being sweatproof and waterproof constitute an independent basis for a violation of the CLRA.

139.    Plantronics knew, should have known, or was reckless in not knowing that its products did not have the qualities, characteristics, and functions it represented, warranted, and advertised them to have.

140.    Plaintiff and Class Members are reasonable consumers who expected that their Headphones would work as represented.

141.    As a result of Plantronics' conduct and unfair or deceptive acts or practices, Plaintiff and Class Members suffered actual damages in that the

Headphones do not function as represented and are not worth the amount paid and Plantronics has deprived Plaintiff and Class Members the benefit of the bargain.

142.   Plaintiff and the Class seek an order enjoining Defendant's unfair or deceptive acts or practices, equitable relief, and an award of attorneys' fees and costs under Cal. Civ. Code § 1780(e).[4]

## SEVENTH CLAIM FOR RELIEF

### Violation of California's Unfair Competition Law ("UCL")

### (On Behalf of the Nationwide Class or, Alternatively, California Subclass)

143.   Plaintiff re-alleges and incorporates each and every allegation set forth above as if fully written herein.

144.   California Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." Plantronics' conduct related to the sale of its defective Headphones violated each of this statute's three prongs.

145.   Plantronics committed an unlawful business act or practice in violation of Cal. Bus. & Prof. Code § 17200, et seq., by their violations of the

---

[4] On September 12, 2018, Plaintiff mailed a letter to Plantronics that complied with Section 1782(d) of the CLRA.  This letter, attached as Exhibit A, was prepared by Plaintiff's counsel on behalf of Plaintiff as well as similarly situated purchasers nationwide. The letter gave Defendant notice of the allegations in this Complaint.  As such, Plaintiff plans to file an Amended Complaint to add a request for damages under the CLRA as appropriate.

Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq*., as set forth above, by the acts and practices set forth in this Complaint.

146.   Plantronics committed unfair business acts and practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq*., when it sold Headphones that contained one or more defects causing them to fail to maintain a charge after minimal use; when it represented that the Headphones withstand sweat and water, when in fact they do not; when it represented that the Headphones have batteries that last eight hours following once fully recharged, when in fact they do not; and, when in response to requests for replacement Headphones under Plantronics' warranty, Plantronics sent consumers Headphones that contained the same defects.

147.   Plantronics committed fraudulent business acts and practices in violation of Cal. Bus. & Prof. Code § 17200, et seq., when it affirmatively and knowingly misrepresented that the Headphones were durable and would withstand sweat and water, when in fact they do not; and, when in response to requests for replacement Headphones under Plantronics' warranty, Plantronics sent consumers Headphones that contained the same defects. Plantronics' representations and concealment of the defects are likely to mislead the public with regard to the true defective nature of the Headphones.

148.   Plantronics' misrepresentations about battery life constitute an independent basis for a violation of the fraudulent prong of the UCL.

149. Plantronics' misrepresentation about the Headphones being sweatproof and waterproof constitutes an independent basis for a violation of the fraudulent prong of the UCL.

150. Plantronics knew, or reasonably should have known, that its Headphones were defective, because they continuously received broken headphones from consumers, often several times from the same individual consumer. Despite the constant stream of returned Headphones, Plantronics continued to sell Headphones to the public. Plantronics knew, or reasonably should have known, of the defect(s) because, in the normal course of business, Plantronics tracks headphones returned under its warranty and the complaints related to those problems and, therefore, must have noticed that there was an unusually high incidence of warranty claims.

151. As a direct and proximate result of Plantronics' unfair and deceptive practices, Plaintiff and Class Members suffered and will continue to suffer actual damages.

152. As a result of its unfair and deceptive conduct, Plantronics has been unjustly enriched and should be required to disgorge its unjust profits and make restitution to Plaintiff and Class Members pursuant to Cal. Bus. & Prof. Code §§ 17203 and 17204.

153.   Legal remedy alone will be insufficient to fully redress Plaintiff's injuries and stop Plantronics from continuing in its unfair and deceptive conduct. Therefore, Plaintiff and the Class seek equitable relief, including an order enjoining Plantronics' unfair or deceptive acts or practices, and an award of attorneys' fees and costs under Cal. Code of Civ. Proc. § 1021.5.

## EIGHTH CLAIM FOR RELIEF

### Common Law Fraud

### (On Behalf of the Nationwide Class or, Alternatively, California Subclass)

154.   Plaintiff re-alleges and incorporate each and every allegation set forth above as if fully written herein.

155.   Plantronics engaged in fraudulent and deceptive conduct. As described above, Plantronics' conduct defrauded Plaintiff and Class members, by intentionally leading them to believe, through affirmative misrepresentations, omissions, suppressions, and concealments of material fact, that the Headphones possessed important characteristics that they in fact do not possess—namely that they are sweatproof and waterproof and provide eight hours of listening on a single charge —and inducing their purchases.

156.   Plantronics' intentional and material misrepresentations included, among other things, its advertising, marketing materials and messages, and other

**COMPLAINT**

standardized statements claiming the Headphones are designed for use during workouts, and built to withstand sweat and water.

157.   The foregoing misrepresentations were uniform across all Class Members.

158.   The same extensive and widespread advertising campaign was promoted nationwide, and all of the promotional materials contained the same material representations regarding the Headphones' ability to be used during exercise, that the Headphones provide eight hours of listening on a single charge, and that the Headphones are sweatproof and waterproof.

159.   These representations were false, as detailed herein. Plantronics knew the representations were false when it made them and thereby intended to defraud purchasers.

160.   Plantronics' actions constitute "actual fraud" within the meaning of Cal. Civ. Code § 1572 because Plantronics did the following with the intent to deceive Plaintiff and Class Members and to induce them to enter into their contracts:

    a.  Suggested that the Headphones can withstand sweat and water and heavy exercise, even though it knew this to be false;

    b.  Positively asserted that the Headphones are sweatproof and waterproof in a manner not warranted by the information available to Plantronics;

    c.  Asserted that Headphones were "engineered for sport" and had a battery that could last for eight hours without recharging when they knew this to be false;

d.  Asserted that the Headphones had a rechargeable battery with an eight hour battery life per charge;

e.  Suppressed the true nature of the Headphones' defects from Plaintiff and Class Members;

f.  Promised it would deliver Headphones that could withstand sweat, water, and heavy workouts, with no intention of so doing; and

g.  Promised it would deliver Headphones that could play sound for eight hours, with no intention of so doing.

161.  Plantronics' actions, listed above, also constituted "deceit" as defined by Cal. Civ. Code § 1710 because Plantronics willfully deceived Plaintiff and Class Members with intent to induce them to alter their positions to their detriment by purchasing defective Headphones.

162.  Plantronics' fraud and concealment was also uniform across all Class Members; Plantronics concealed from everyone the true nature of the failure to hold a charge and battery defects present in the Headphones.

163.  Plantronics' misrepresentations and omissions were material in that they would affect a reasonable consumer's decision to purchase Headphones. A reasonable consumer would not purchase high-end rechargeable headphones that stop being able to retain a charge after only minimal use.

164.  Plantronics' intentionally deceptive conduct induced Plaintiff and Class Members to purchase Headphones and resulted in harm and damage to them.

165.  Plaintiff believed and relied upon Plantronics' misrepresentations and concealment of the true facts. Class Members are presumed to have believed and relied upon Plantronics' misrepresentations and concealment of the true facts

because those facts are material to a reasonable consumer's decision to purchase Headphones.

166.   As a result of Plantronics' inducements, Plaintiff and Class Members sustained actual damages including but not limited to receiving a product that fails to perform as promised and not receiving the benefit of the bargain related to their purchase of the Headphones. If Plaintiff and Class Members had known about the defect, they would not have purchased the Headphones or would have paid significantly less for them. Plantronics is therefore liable to Plaintiff and Class Members in an amount to be proven at trial.

167.   Plantronics' conduct was systematic, repetitious, knowing, intentional, and malicious, and demonstrated a lack of care and reckless disregard for Plaintiff's and Class Members' rights and interests. Plantronics' conduct thus warrants an assessment of punitive damages under Cal. Civ. Code § 3294 and other applicable states' laws, consistent with the actual harm it has caused, the reprehensibility of its conduct, and the need to punish and deter such conduct

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests that this Court:

A. Certify the Class pursuant to Rule 23;

B. Award damages, including compensatory, exemplary, and statutory damages, to Plaintiff and the Class in an amount to be determined at trial;

C. Grant restitution to Plaintiff and the Class and require Plantronics to disgorge its ill-gotten gains;

D. Permanently enjoin Plantronics from engaging in the wrongful and unlawful conduct alleged herein;

E. Award punitive damages, to the extent permitted by law, in an amount to be determined at trial;

F. Award Plaintiff and the Class their expenses and costs of suit, including reasonable attorneys' fees to the extent provided by law;

G. Award Plaintiff and the Class pre-judgment and post-judgment interest at the highest legal rate to the extent provided by law; and

H. Award all such further relief as the Court deems appropriate.

1

## **DEMAND FOR JURY TRIAL**

2

3
Plaintiff demands a trial by jury of all issues so triable.

4
Dated: September 13, 2018

5
                              /s/*Ronald S. Kravitz*

6
                              Ronald S. Kravitz (SBN 129704)
                              James C. Shah (SBN 260435)

7
                              Shepherd, Finkelman, Miller & Shah, LLP
                              201 Filbert Street, Suite 201

8
                              San Francisco, CA 94133

9
                              Telephone: (415) 429-5272
                              Facsimile: (866) 300-7367

10
                              rkravitz@sfmslaw.com

11
                              jshah@sfmslaw.com

12
                              Justin C. Walker (*pro hac to be filed*)

13
                              Finney Law Firm, LLC
                              4270 Ivy Pointe Boulevard, Suite 225

14
                              Cincinnati, OH 45245
                              Telephone: (513) 943-6660

15
                              Fax: (513) 943-6669

16
                              justin@finneylawfirm.com

17
                              Jeffrey S. Goldenberg (*pro hac to be filed*)
                              Todd Naylor (*pro hac to be filed*)

18
                              Goldenberg Schneider, L.P.A.

19
                              One West 4th Street, 18th Floor
                              Cincinnati, OH 45249

20
                              Telephone: (513) 345-8291
                              Fax: (513) 345-8294

21
                              jgoldenberg@gs-legal.com

22
                              tnaylor@gs-legal.com

23

24

25

W.B. Markovits (*pro hac to be filed*)
Paul M. DeMarco (*pro hac to be filed*)
Terence R. Coates (*pro hac to be filed*)
Markovits, Stock & DeMarco LLC
3825 Edwards Road, Suite 650
Cincinnati, OH 45209
Telephone: (513) 665-0200
Fax: (513) 665-0219
bmarkovits@msdlegal.com
pdemarco@msdlegal.com
tcoates@msdlegal.com

Attorneys for Plaintiff

**COMPLAINT**