UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHIL SHIN,<br><br>        Plaintiff,<br><br>        v.<br><br>PLANTRONICS INC.,<br><br>        Defendant. | Case No. 18-cv-05626 NC<br><br>**ORDER IN PREPARATION FOR HEARING ON MOTION TO DISMISS**<br><br>Re: ECF 40 |

In its pending motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), defendant Plantronics asks the Court to take notice of positive consumer reviews praising the headphones that are the subject of this product defect lawsuit. ECF 40 at 21-22, and n.4; ECF 40-1 ¶ 6 (Declaration of Dayme Sanchez). Plantronics admits that these reviews were not referenced in the complaint. ECF 40 n.4.

Plaintiff objects to this "wildly improper" evidence outside the pleadings on a motion to dismiss. ECF 44 at 25. Yet in reply, Plantronics again relies on the positive reviews in support of its argument to dismiss the complaint. ECF 45 at 6.

"If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion *must* be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d) (emphasis added). "All parties must be given a

reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

Here, both parties must be prepared at the March 27 hearing to discuss the applicability of Rule 12(d) to the motion to dismiss. If the evidence of positive consumer reviews is not excluded, must the Court treat the motion as one for summary judgment? And if so, what would be a "reasonable opportunity" for the parties to present all pertinent material?

**IT IS SO ORDERED.**

Dated: March 22, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

2