United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHIL SHIN,<br><br>    Plaintiff,<br><br>v.<br><br>PLANTRONICS, INC.,<br><br>    Defendant. | Case No. 18-cv-05626-NC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 57 |

In this consumer class action, plaintiff Phil Shin moves for preliminary approval of a proposed class action settlement. *See* Dkt. No. 57; *see also* Dkt. No. 57-1 ("Settlement Agreement"). The parties seek to settle all claims relating to defendant Plantronics Inc.'s wireless headphones in exchange for an extended limited warranty or cash payment for class members. *See id.* For the following reasons, the Court DENIES Shin's unopposed motion for preliminary approval.

**I. Background**

    **A. Factual Background**

Plantronics is a headphones designer and manufacturer, who created the BackBeat FIT wireless headphones (the "Headphones"). *See* Dkt. No. 35 ("FAC") ¶¶ 1, 11. The Headphones are marketed as "sweatproof" and "waterproof," with rechargeable batteries that are supposed to last for up to eight hours per charge. *Id.* ¶¶ 2–3.

Shin purchased his Headphones through an online retailer in March 2015 after seeing Plantronics's advertisements. *Id.* ¶¶ 10, 36–38. By mid-January 2016, Shin noticed that the Headphones became difficult to charge. *Id.* ¶ 40. Shin suspected that the battery life diminished because he used the Headphones while exercising, but they were not sweat- or waterproof. *Id.* ¶ 41. Plantronics provided Shin with a replacement in February, but the replacement failed as well. *Id.*

### B. Procedural History

Shin initiated this lawsuit on September 13, 2018. *See* Dkt. No. 1. On December 14, 2018, in response to Plantronics's motion to dismiss, Shin amended his complaint alleging eight claims for relief: (1) breach of express warranty under the Magnuson Moss Warranty Act, 15 U.S.C. § 2301; (2) breach of implied warranty under the Magnuson Moss Warranty Act, 15 U.S.C. § 2301; (3) breach of express warranty under California law; (4) breach of the implied warranty of merchantability under the California Song-Beverly Act, Cal. Civ. Code §§ 1791 *et seq.*; (5) breach of the implied warranty of fitness for a particular purpose; (6) violation of California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1761 *et seq.*; (7) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*; and (8) fraud. *See* FAC ¶¶ 61–175. Each claim is predicated on Shin's allegations regarding the Headphones' "rapidly diminishing battery life" and "failure to resist sweat and water" as warranted. *Id.* ¶ 6.

On February 13, 2019, Plantronics moved to dismiss the first amended complaint. *See* Dkt. No. 40. The parties completed their briefing and the Court held a hearing on the motion on March 27, 2019. *See* Dkt. Nos. 44, 45, 47. One day later, and before the Court ruled on Plantronics's motion, the parties reached a settlement and filed a joint notice of class action settlement the following week. *See* Dkt. No. 57 at 11; *see also* Dkt. Nos. 49, 50. Shin moved for preliminary approval of the class action settlement on May 24, 2019. *See* Dkt. No. 57. The Court held a hearing on June 12, 2019. *See* Dkt. No. 61. All parties have consented to the jurisdiction of a magistrate judge. *See* Dkt. Nos. 13, 17.

### C. Settlement Agreement

The Settlement seeks to settle claims for a proposed settlement class of "all Persons domiciled within the United States and its territories who purchased at retail the Headphones . . . during the period of time from April 1, 2014 through the Notice Date." *See* Settlement § 3.8.

Under the Settlement, class members are entitled to one of three alternative remedies. *See id.* § 6. Alternative 1 is an extended limited warranty that runs from the effective date of the Settlement. *See id.* § 6.2. This alternative is limited to class members who purchased Headphones after January 1, 2018. *Id.* Under the extended warranty, class members may receive a functional replacement[1] if their Headphones suffers from a battery charging issue. *Id.* §§ 6.2(b), 6.4. Alternative 2 is a $50 cash payment. *See id.* § 6.6.1. To qualify for this alternative, class members must provide proof of purchase and evidence that they had previously complained to Plantronics that their Headphones did not function properly due to a battery charging issue. *Id.* § 6.6.1(b), (c). Alternative 3 is a $25 cash payment. *See id.* § 6.6.2. Under this alternative, class members must provide proof of purchase and only need to attest that their Headphones malfunctioned or failed to work properly due to a battery charging issue. *Id.* § 6.6.2(b), (c).

In return, class members who do not opt out of the settlement agree to release all claims relating to "any alleged defect or deficiency in the Headphones" and Plantronics's advertising relating to the Headphones. *Id.* § 11.1. Claims for personal injury and emotional distress are not waived. *Id.* § 11.2.

Under the Settlement, the Settlement Administrator is responsible for providing notice. *See id.* § 7. A full Settlement Notice and Short Form Notice will be sent to individuals who purchased or registered their Headphones from Plantronics, and reasonably identifiable individuals who purchased the Headphones from third parties. *Id.*

---

[1] The replacement headphones are not identical to the Headphones at issue; they "are a new design and utilize batteries from a different manufacturer than the Headphones that are the subject of this litigation." *See* Dkt. No. 57-7 ("Goldenberg Decl.") ¶ 9.

§§ 7.3(a), (b); *see also* Dkt. Nos. 57-3, 57-4 (Short Form Notices), 57-5 (full Settlement Notice). The Settlement permits Class Counsel to move for an order directing third-party retailers to provide contact information for customers who purchased the Headphones. *Id.* § 7.3(d). In addition, the Settlement Administrator will also publish the Settlement Notice and maintain a website for class members to submit claims. *See id.* §§ 7.4, 7.5.

## II. Legal Standard

Federal Rule of Civil Procedure 23(e) requires judicial approval of any settlement by a certified class. "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights. *Pilkington v. Cardinal Health, Inc. (In re Syncor ERISA Litig.)*, 516 F.3d 1095, 1100 (9th Cir. 2008)). Accordingly, a settlement should only be approved if it is "fundamentally fair, adequate, and reasonable." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993) (internal quotation marks omitted). In determining whether the proposed settlement meets this standard, the Court does not have the ability "to delete, modify, or substitute certain provisions . . . . The settlement must stand or fall in its entirety." *Id.* Due to the dangers of collusion between class counsel and the defendant, settlement approval that takes place prior to formal class certification requires a higher standard of fairness. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (1998).

"The Court may grant preliminary approval of a settlement and direct notice to the class if the settlement: "(1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval." *Harris v. Vector Mktg. Corp.*, No. 08-cv-05198-EMC, 2011 WL 1627973, at *7 (N.D. Cal. 2011); *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007).

## III. Discussion

The Court denies the motion for preliminary approval of the class action settlement for three reasons. First, the parties' Settlement releases claims based on facts beyond those

4

1    alleged in the first amended complaint.  Second, the Settlement relief is not adequate.

2    Third, the parties' proposed notices and notice plan is lacking.

### A. Identical Factual Predicate Rule

In the Ninth Circuit, "a settlement agreement may preclude a party from bringing a related claim in the future 'even though the claim was not presented and might not have been presentable in the class action,' but only where the released claim is 'based on the identical factual predicate as that underlying the claims in the settled class action.'" *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) (quoting *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008).  Thus, settlements may release claims only when "those claims depend on the same set of facts as the claims that gave rise to the settlement." *Id.*

Courts in this district have routinely denied approval of class action settlements under this rule.  In *Custom LED, LLC v. eBay, Inc.*, No. 12-cv-00350-JST, 2013 WL 4552789, at *1, 4, 6 (N.D. Cal. Aug. 27, 2013), the court denied approval of a class action settlement that released claims "regardless of whether any such claim is based on the [breach-of-contract] allegations in the complaint."  Likewise, in *Chavez v. PVH Corp.*, No. 13-cv-01797-LHK, 2015 WL 581382, at *5–6 (N.D. Cal. Feb. 11, 2015), the court denied approval of an unpaid wages class settlement that attempted to release claims related to meal breaks, bag checks, or overtime pay even though those claims would arise under the same California statute.  *See also Christensen v. Hillyard, Inc.*, No. 13-cv-04389-NC, 2014 WL 3749523, at *4 (N.D. Cal. July 30, 2014) (denying approval of class settlement because "it does not directly track the allegations in the complaint.").

This Settlement suffers from a similar deficiency.  The Settlement releases "any and all manner of . . . claims alleged or that could have been alleged in the Lawsuit or that arise from or relate to *any act, harm, omission . . . or event whatsoever arising out of the performance of the Headphones*, any alleged defect or deficiency in the Headphones, Defendant's advertising, marketing . . . or sale or distribution of the Headphones . . . ." Settlement § 11.1 (emphasis added).  The first amended complaint, however, limits its factual allegations to alleged defects with the Headphone's battery, inability to resist sweat

5

or water as warranted, and Plantronics's allegedly misleading representations regarding the Headphones' battery life and sweat- or waterproofing. *See generally*, FAC. But the Settlement releases claims that may arise from facts not alleged in the first amended complaint. For example, as Shin's counsel noted at the preliminary approval hearing, the Settlement would release claims concerning a defect that renders the Headphones unable to moderate volume. But this defect may be wholly unrelated to the alleged battery problems or lack of waterproofing. Such a broad release of claims cannot be approved. This reason alone warrants denial.

### B. Adequacy of Settlement

The Court also finds that the settlement is inadequate. To reiterate, the Settlement provides three alternative remedies for the class: (1) an extended limited warranty for class members who purchased their Headphones after January 1, 2018; (2) a $50 cash payment with proof of a prior complaint regarding a battery charging issue; or (3) a $25 cash payment without such proof. *See* Settlement § 6.6.

The recently amended Rule 23(e) requires that the Court consider four overarching factors before approving a class settlement:

(A) the class representative and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

    (i) the costs, risks, and delay of trial and appeal;

    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). This amendment does not "displace any factor" previously

announced by the Ninth Circuit, but instead "focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." Advisory Committee Notes, Fed. R. Civ. P. 23, subdiv. (e)(2) (2018).

Thus, the Court will also consider factors outlined by the Ninth Circuit to determine the fairness, adequacy, and reasonableness of the settlement: "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004) (citing *Hanlon*, 150 F.3d at 1026). Further, because settlement was reached before formal class certification, a "higher level of scrutiny for evidence of collusion or other conflicts of interest [is] required . . . ." *Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*, 654 F.3d 935, 946 (9th Cir. 2011) (citing *Hanlon*, 150 F.3d at 1026).

Here, the fourth and fifth *Hanlon* factors weigh against approval of the Settlement. Likewise, "the terms of [the] proposed award of attorney's fees" also caution against approval. Fed. R. Civ. P. 23(e)(2)(iii); *see also In re Bluetooth*, 654 F.3d at 947 ("[C]ourts therefore must be particularly vigilant . . . when the parties negotiate a 'clear sailing' arrangement providing for the payment of attorneys' fees separate and apart from class funds . . . .").

Under the fourth *Hanlon* factor, courts often compare the proposed class' expected recovery at trial to the value of the proposed settlement. *See Terry v. Hoovestol, Inc.*, No. 16-cv-5183-JST, 2018 WL 4283420, at *4 (N.D. Cal. Sept. 7, 2018) (citing *In re Tableware*, 484 F. Supp. 2d at 1080). "[A] cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair." *Dunleavy v. Nadler (In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (quoting *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 628 (9th Cir. 1982).

7

Plantronics estimates that the proposed settlement class contains roughly 1.3 million members with approximately 300,000 class members qualifying for the extended limited warranty. *See* Goldenberg Decl. ¶ 9. Because the Headphones generally sold for between $60 and $90 each, Shin estimates that class recovery at trial would be between $7.8 million and $11.7 million. *Id.* ¶ 18. Shin then estimates anticipated class recovery under the Settlement to be between $3.25 million and $6.5 million assuming a 10% claim rate without accounting for the value of the extended limited warranty. *Id.*

This comparison, however, is flawed. Shin fails to account for the fact that class members can only recover under the Settlement for battery charging issues. *See* Settlement § 6.6. This is so even though the first amended complaint alleges defects with both the Headphones' battery *and* waterproofing (*see* FAC ¶¶ 61–81), and the proposed settlement class includes "*all* Persons . . . who purchased at retail the Headphones . . ." (Settlement § 3.8 (emphasis added)). Under the narrow terms of relief, it is possible that far less than 10% of the class would qualify and file a claim for recovery under the Settlement.[2] This discrepancy between the narrow relief offered to the class and the broad release of all claims—even those that do not rely on battery charging issues—is striking and militates against approval.

Moreover, Shin appears to have done little to no independent research regarding how many individuals may qualify for each remedy. This casts substantial doubt on Shin's comparison of the anticipated class recovery to the estimated class recovery at trial. The Court is mindful that such information may be difficult to come by given that no discovery has occurred, and this case is still in the early stages of litigation. But the difficulty of obtaining reliable information is no excuse for haphazard estimates, particularly where the Settlement seeks to release an all-encompassing class from virtually all claims relating to the Headphones. In short, the Court is unconvinced by Shin's assessment of the amount offered in the settlement and finds that the fourth *Hanlon* factor weighs against approval.

---

[2] This is further compounded by the inadequate notice plan proposed by the parties as discussed below.

8

The fifth *Hanlon* factor—"extent of discovery completed and the stage of the proceedings"—also weighs against approval. *Churchill Village*, 361 F.3d at 575. As recounted above, this lawsuit is in the early stages of proceedings and no formal discovery had been taken. Indeed, the parties settled one day after the hearing on Plantronics's motion to dismiss. The lack of formal discovery is reflected in Shin's motion for preliminary approval, which relies heavily on Plantronics's own representations regarding many critical facts including the size of the class and number of class members eligible for particular modes of relief. This factor alone does not doom the Settlement. *Cf. Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (explaining the "strong judicial policy" in favor of settling class actions). But the lack of formal discovery and the earliness of the settlement amplifies the Court's concerns regarding its adequacy.

Finally, the Settlement provides for a "clear sailing" arrangement regarding the payment of attorneys' fees. *See* Settlement § 10. Such arrangements are not per se unreasonable, but "carr[y] 'the potential of enabling a defendant to pay class counsel excessive fees and costs in exchange for counsel accepting an unfair settlement on behalf of the class.'" *In re Bluetooth*, 654 F.3d at 947 (quoting *Lobatz v. U.S. Cellular of Cal., Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000)). Although the Court has seen no evidence of collusion, the presence of a "clear sailing" attorneys' fees arrangement, coupled with the deficiencies outlined above, also gives the Court pause.

### C. Proposed Notice Plan

Under Rule 23(c)(2)(B), "upon ordering notice under Rule 23(e)(1) to a class proposed to be certified for purposes of settlement under Rule 23(b)(3)—the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). To comply with Rule 23, "the notice must clearly and concisely state in plain, easily understood language":

(i) the nature of the action;

(ii) the definition of the class certified;

9

|   |   |   |
|---|---|---|
| 1 | (iii) | the class claims, issues, or defenses; |
| 2 | (iv) | that a class member may enter an appearance through an attorney if the |
| 3 |  | member so desires; |
| 4 | (v) | that the court will exclude from the class any member who requests |
| 5 |  | exclusion; |
| 6 | (vi) | the time and manner for requesting exclusion; and |
| 7 | (vii) | the binding effect of a class judgment on members under Rule 23(c)(3). |

*Id.* In short, notice must allow class members to "assess the reasonableness of the settlement." *In re Yahoo! Inc. Customer Data Security Breach Litig.*, No. 16-md-02752-LHK, 2019 WL 387322, at *6 (N.D. Cal. Jan. 30, 2019) (citing *Churchill Village*, 361 F.3d at 575); *see also* Advisory Committee Notes, Fed. R. Civ. P. 23, subdiv. (c)(2) (2018) ("The ultimate goal of giving notice is to enable class members to make informed decisions about whether to opt out or . . . to object or to make claims.").

The Settlement lists two methods to identify class members: (1) Plantronics will provide contact information for class members "who directly purchased Headphones from Plantronics on [its] website or registered their Headphones with Plantronics, and (2) Plantronics will identify "the top 10 retailers of the Headphones" and "Class Counsel may seek to obtain an order to be entered by the Court directing these third parties" to provide contact information for potential class members or to deliver the class notice. Settlement §§ 7.3(a), (d). At the hearing, Shin's counsel estimated that this proposal will identify over 75% of the class. Counsel also stated that the majority of class members would be identified under the second method.

Once class members have been identified, the Settlement's notice plan requires the Settlement administrator (or relevant third-party retailers) to mail or e-mail notices to individual class members. *Id.* §§ 7.3(a)–(c), (d)(ii). The Settlement also requires the administrator to provide "Publication Notice." *Id.* § 7.4

The Court is not convinced that this plan would provide "the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); *see also* Fed. R. Civ. P.

23(e)(1)(B) ("The court must direct notice in a reasonable manner to all class members who would be bound by the proposal . . . ."). As noted by Shin's counsel, a large majority of the class cannot be identified through Plantronics's records and effective notice under this plan requires the cooperation of third-party retailers. Thus, the prudent course of action would be to secure third-party cooperation either before or in connection with this motion. But the parties have not done so. Indeed, the Settlement does not even require such action. *See* Settlement § 7.3(d) ("Class Counsel *may* seek to obtain an order . . . ." (emphasis added)). Further, the Settlement provides no contingency in the event those retailers refuse to provide their customers' information or deliver the class notice. And if those retailers agree to deliver the notice instead of turning over customer information, the Settlement provides insufficient oversight of that largely voluntary process. *See id.* § 7.3(d)(ii)–(iii).

Normally, publication notice would act to cover such gaps in the parties' outreach to the class. By publishing the settlement notice on popular forums for discussion or complaints about the Headphones, for example (*see* FAC ¶¶ 25, 27 (identifying complaints regarding the Headphones on Plantronics and Amazon's websites)), the parties could target potential class members with reasonable accuracy. But here, the Settlement provides no details on what that publication notice would entail. *See* Advisory Committee Notes, Fed. R. Civ. P. 23, subdiv. (c)(2) (2018) ("In providing the court with sufficient information to enable it to decide whether to give notice to the class-action settlement under Rule 23(e)(1), it would ordinarily be important to *include details about the proposed method of giving notice* . . . ." (emphasis added)). The Court simply cannot assess the reasonableness and efficacy of the proposed notice plan without such information.

Furthermore, the proposed notices themselves are not adequate. As stated above, Rule 23 requires notices to "clearly and concisely state in plain, easily understood language . . . the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B). Here, the Short Form Notices (*see* Dkt. No. 57-3, 57-4) fail to adequately explain to class members "the binding effect of a class judgment." *Id.*

11

Specifically, the Short Form Notices do not tell the class members that they will release Plantronics from virtually all claims regarding the Headphones if they do not opt out. *See* Settlement § 11.1. The full Settlement Notice (*see* Dkt. No. 57-5) does explain the consequence of staying in the settlement class (*see id.* ¶¶ 29–30) but fails to do so "clearly and concisely . . . in plain, easily understood language." Fed. R. Civ. P. 23(c)(2)(B). Instead, the full Settlement Notice merely copies and pastes the full release language from the Settlement, which is heavy on legalese and difficult to parse. *See* Dkt. No. 57-5 ¶ 30.

In short, the Settlement's proposed notices and notice plan fall short of Rule 23's requirements. This also weighs against preliminary approval. Accordingly, the Court DENIES Shin's unopposed motion for preliminary approval of the class action settlement.

### D. Class Certification and Attorneys' Fees

Because the Court denies preliminary approval of the class action settlement, the Court declines to decide whether the proposed settlement class may be properly certified under Rule 23(b)(3). Likewise, the Court does not decide whether the amount of attorneys' fees, costs, and service award to the named plaintiff is reasonable.

## IV. Conclusion

The Court DENIES Shin's unopposed motion for preliminary approval of the class action settlement without prejudice. The Court SETS a further case management conference for **August 12, 2019, at 10:00 a.m.** The parties must file a joint case management statement by **August 5, 2019**. *See* L.R. 16-10(d).

**IT IS SO ORDERED.**

Dated: June 17, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge