Ronald S. Kravitz (SBN 129704)
James C. Shah (SBN 260435)
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (415) 429-5272
Facsimile: (866) 300-7367
rkravitz@sfmslaw.com
jshah@sfmslaw.com

Jeffrey S. Goldenberg
GOLDENBERG SCHNEIDER, L.P.A.
One West 4th Street, 18th Floor
Cincinnati, OH 45249
Telephone: (513) 345-8291
Fax: (513) 345-8294
jgoldenberg@gs-legal.com

(Additional Attorneys for Plaintiff Listed on Signature Page)

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHIL SHIN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PLANTRONICS, INC.,<br><br>Defendant. | Case No. Case No.: 5:18-cv-05626-NC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD**<br><br>**Hon. Nathanael M. Cousins**<br><br>**DATE: December 20, 2019**<br>**TIME: 11 am**<br>**LOCATION: Courtroom 5** |

NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT, pursuant to this Court's Order Granting Plaintiff's Renewed Motion for Preliminary Approval of Class Action Settlement [Doc. 75], on December 20, 2019 at 11:00 a.m. at the United States District Court for the Northern District of California, 280 South 1st Street, Courtroom 5, San Jose, California 95113, this Court will hold a Fairness Hearing in the above-entitled action and will also hear Plaintiff's Motion and Memorandum and Points and Authorities in Support of Request for Attorneys' Fees, Expenses, and Service Award, before the Honorable Nathanael M. Cousins presiding. Plaintiff Phil Shin ("Plaintiff"), and Class Counsel will move for an award of $650,000 for attorneys' fees and expense reimbursement and a $5,000 service award for Plaintiff.

This motion is based upon this Notice of Motion and Motion and the Memorandum of Points and Authorities, the Declarations of Jeffrey S. Goldenberg ("Goldenberg Decl.") (Ex. A hereto), James Shaw ("Shaw Decl.") (Ex. B hereto), Terence R. Coates ("Coates Decl.") (Ex. C hereto), and Christopher P. Finney ("Finney Decl.") (Ex. D hereto), and the Declaration of Plaintiff Phil Shin ("Shin Decl.") (Ex. E hereto), all other pleadings, papers, records and documentary materials on file in this action, those matters of which the court may take judicial notice, and upon the oral arguments of counsel made at the hearing on this motion.

Respectfully submitted,

 */s/ Jeffrey S. Goldenberg*
Jeffrey S. Goldenberg
Todd B. Naylor
Goldenberg Schneider, L.P.A.
One West 4th Street, 18th Floor

Cincinnati, OH 45202
Telephone: (513) 345-8291
Fax: (513) 345-8294
jgoldenberg@gs-legal.com
tnaylor@gs-legal.com

Ronald S. Kravitz (SBN 129704)
James C. Shah (SBN 260435)
Shepherd, Finkelman, Miller & Shah, LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (415) 429-5272
Facsimile: (866) 300-7367
rkravitz@sfmslaw.com
jshah@sfmslaw.com

W.B. Markovits
Justin Walker
Paul M. De Marco
Terence R. Coates
Markovits, Stock & DeMarco LLC
3825 Edwards Road, Suite 650
Cincinnati, OH 45209
Telephone: (513) 665-0200
Fax: (513) 665-0219
bmarkovits@msdlegal.com
jwalker@msdlegal.com
pdemarco@msdlegal.com
tcoates@msdlegal.com

*Attorneys for Plaintiff*

Plaintiff's Notice of Motion and Motion and Memorandum of Points and Authorities in Support of Request for Attorneys' Fees, Expenses, and Service Award
 5:18-cv-05626-NC

2

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   **INTRODUCTION**

Plaintiff Shin filed this action on his own behalf and on behalf of the 1,271,000 consumers nationwide who purchased BackBeat FIT wireless sport headphones ("Headphones") manufactured by Defendant Plantronics, Inc. ("Plantronics" or "Defendant") prior to September 2018. Plantronics marketed the Headphones as "sweatproof" and "waterproof," and as offering "up to 8 hours" of listening time on a single charge. Plaintiff alleges that the Headphones do not live up to these representations because they contain a defect that causes the battery life to diminish until it eventually stops retaining a charge, especially when the Headphones are exposed to sweat or water. Defendant vigorously denies these allegations.

Recognizing the risks and costs of ongoing litigation, Plaintiff and Defendant engaged in extensive arm's-length settlement negotiations with the assistance of a respected third-party mediator, Martin Quinn, Esq. of JAMS in San Francisco. After nearly two and a half months of hard-fought negotiations, the Parties reached an agreement to fully resolve the dispute. *See* Amended Class Action Settlement Agreement and Release [Doc. 70-2] ("Settlement Agreement"). The Settlement Agreement provides the following benefits to the Class of nearly 1.3 million consumers nationwide who purchased the Headphones:

(1) One-year extended warranty (beginning to run from the Effective Date of the Settlement) for Headphones purchased on or after January 1, 2018; or

(2) $25 cash payment with Proof of Purchase (capped at $50 per Class Member for two claims); or

  (3) $50 cash payment with Proof of Purchase and evidence of prior written complaint about the Headphones' battery or moisture resistance (capped at $100 per Class Member for two claims).

These are all valuable settlement benefits.

  The Settlement Agreement also provides that Defendant will pay Class Counsel attorneys' fees and expenses, as approved by this Court, up to $650,000. *See* Settlement Agreement, ¶ 10.2. Importantly, Defendant's payment of attorneys' fees, expenses, or service award will not reduce the settlement benefits available to the Class. As of October 31, 2019, Class Counsel had spent nearly 1,430 hours litigating this case and implementing this Settlement. *See* Goldenberg Decl., ¶10; Shaw Decl., ¶10; Finney Decl., ¶21; Coates Decl., ¶10. Applying Class Counsel's current hourly rates, this results in a combined lodestar of $743,099.00. *Id.* Class Counsel has also incurred $42,210 in reimbursable expenses. *See* Goldenberg Decl., ¶12; Shaw Decl., ¶12; Finney Decl., ¶23; Coates Decl., ¶12. In other words, Plaintiff's requested fee award represents a *negative* lodestar multiplier of approximately 0.8.[1] "This resulting multiplier of less than one, (sometimes called a negative multiplier) suggests that the negotiated fee award is a reasonable and fair valuation of the services rendered to the class by class counsel." *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 854 (N.D. Cal. 2010).

  Lastly, the Settlement Agreement provides that Defendant will pay a modest $5,000 service award to Plaintiff Shin as compensation for his time and efforts participating in the case. *See* Settlement Agreement, ¶ 9.2. Courts in this District routinely approve such awards as "presumptively

---

[1] Subtracting $42,210.24 in expenses from $650,000 leaves $607,789.76 for Class Counsels' fees. $607,789.76 divided by Class Counsel's $743,099 lodestar results in a negative multiplier of 0.82.

Plaintiff's Notice of Motion and Motion and Memorandum of Points and Authorities in Support of Request for Attorneys' Fees, Expenses, and Service Award
 5:18-cv-05626-NC
4

reasonable." *Pierce v. Rosetta Stone, Ltd.*, No. C 11-01283 SBA, 2013 WL 5402120, at *6 (N.D. Cal. Sept. 26, 2013) ("In this district, a $5,000 payment is presumptively reasonable.") (citing cases).

As discussed more fully below, Plaintiff's requested awards are reasonable and should be approved. Proposed language granting this motion will be included in the proposed Order that will be provided with Plaintiff's Motion for Final Approval of Class Action Settlement which will be filed on or before December 6, 2019 [Doc. 75, §II, ¶23].

## II. FACTUAL BACKGROUND

On September 13, 2018, Plaintiff Phil Shin commenced this action by filing a Class Action Complaint [Doc. 1] against Defendant challenging the marketing and sale of the Headphones manufactured by Plantronics. Plaintiff subsequently filed the operative First Amended Class Action Complaint ("FAC") [Doc. 35] on December 14, 2018. Plaintiff alleges, among other things, that: (i) Defendant represented, advertised, and marketed the Headphones as "waterproof," "sweatproof," and providing "up to 8 hours" of wireless listening time from a single charge; (ii) these representations, advertising and marketing statements were false and misleading because the Headphones are neither sweatproof nor waterproof and do not last up to eight hours of listening time on a single charge; (iii) the Headphones contain one or more defects that cause the battery life to diminish and eventually stop retaining a charge after normal usage, especially when the Headphones are exposed to sweat or water; and (iv) Plaintiff and all other consumers who purchased the Headphones have suffered damages because had they known the truth they would not have purchased the Headphones or would have paid less for the Headphones. The FAC seeks certification of a nationwide class of Headphone purchasers.

Plaintiff's Notice of Motion and Motion and Memorandum of Points and Authorities in Support of Request for Attorneys' Fees, Expenses, and Service Award
 5:18-cv-05626-NC
5

Plantronics denies the allegations and claims, and has asserted substantial defenses to Plaintiff's claims, including that: (i) the Headphones are not defective in any respect; (ii) the Headphones were tested and are waterproof, sweatproof and able to provide up to 8 hours of listing time, as represented; (iii) Plantronics did not fail to disclose any material defect in the Headphones; (iv) Plaintiff's and the putative class's exclusive remedy for any defective Headphones is the Limited Warranty; (v) Plantronics fully complied with the Limited Warranty for the Headphones; (vi) Plaintiff failed to comply with the Limited Warranty and/or failed to submit a timely warranty claim for his Headphones; (vii) Plaintiff failed to provide pre-suit notice to Plantronics, such that his warranty claims are barred; (viii) Plaintiff fails to allege sufficient facts in the FAC to state any valid claims against Plantronics; (ix) Plaintiff and the putative class did not suffer any losses or actual injury; and (x) certification of any class, let alone a nationwide class, is not appropriate.

On January 23, 2019, the Parties engaged in private mediation before Martin Quinn, Esq. of JAMS in San Francisco. The Parties made substantial progress but were not able to fully resolve the dispute at the mediation. With the aid of the mediator, the Parties continued to engage in extensive settlement discussions.

On February 13, 2019, Plantronics filed a motion to dismiss [Doc. 40] the FAC, seeking dismissal of the entire complaint and each cause of action therein. Thereafter, the Parties fully briefed the motion to dismiss, and the Court heard oral argument on March 27, 2019. On March 28, 2019 the Parties reached agreement in principal and the Parties' counsel signed a written Memorandum of Understanding. The Parties' negotiations ultimately culminated with execution of the Amended

Plaintiff's Notice of Motion and Motion and Memorandum of Points and Authorities in Support of Request for Attorneys' Fees, Expenses, and Service Award
5:18-cv-05626-NC

6

Class Action Settlement Agreement and Release [Doc. 70-2] ("Settlement Agreement"), for which the Court granted preliminary approval on August 13, 2019 [Doc. 75].

### III. ARGUMENT

#### A. The Court Should Apply the Lodestar Approach to Award a Reasonable Fee

Fed. R. Civ. P. 23(h) is the starting point when determining a fee award generated by a class action settlement: "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." *Id*.  Here, the Parties have reached an agreement on fees and expenses.  Defendant has agreed to pay Class Counsel's attorneys' fees and expenses, as approved by the Court, up to $650,000.  *See* Settlement Agreement, ¶ 10.2.

Courts have discretion to choose between two different methods for awarding attorneys' fees. *Chambers v. Whirlpool Corp.*, 214 F. Supp. 3d 877, 893 (C.D. Cal. 2016) (citing *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011)).  "Under the 'percentage-of-the-fund' or 'percentage-of-recovery' method, the 'court simply awards the attorneys a percentage of the fund sufficient to provide class counsel with a reasonable fee.'" *Id*. (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)).  "This method is typically used when a common fund is created." *Id*. (citing *Bluetooth*, 654 F.3d at 942).  Alternatively, under the lodestar method, the court multiplies the number of hours reasonably expended by a reasonable hourly rate. *Id*. (citing *Hanlon*, 150 F.3d at 1029).  "Once the lodestar has been determined, the 'figure may be adjusted upward or downward to account for several factors including the quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *Id.* (quoting *Hanlon*, 150 F.3d at 1029).  The lodestar method is typically utilized where

no common fund is created and the relief obtained is not easily monetized. *Id*. (citing *Bluetooth*, 654 F.3d at 941).

Here, because the Settlement Agreement does not create a common fund, the lodestar method is the more appropriate method for awarding fees. *See, e.g., Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 688 (N.D. Cal. 2016) ("Plaintiffs do not request a percentage of recovery from the common fund, but instead seek attorneys' fees and expenses separate from the Class Members' recovery. Therefore, the lodestar method is the appropriate means of determining whether Class Counsel's fee request is reasonable."); *In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 460 (C.D. Cal. 2014) (similar).

The lodestar calculation begins with the multiplication of the number of hours reasonably expended by a reasonable hourly rate. *Hanlon*, 150 F.3d at 1029. Once this raw lodestar figure is determined, the court may then adjust that figure based upon its consideration of certain factors. *See Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 70 (9th Cir. 1975). However, the Ninth Circuit has emphasized that "[t]here is a strong presumption that the lodestar figure represents a reasonable fee." *Rodriguez v. W. Publ'g Corp*., 602 F. App'x 385, 387 (9th Cir. 2015). "Only in rare or exceptional cases will an attorney's reasonable expenditure of time on a case not be commensurate with the fees to which he is entitled." *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988) (emphasis omitted). *See also In re Toys R Us*, 295 F.R.D. at 460 (lodestar "presumptively provides an accurate measure of reasonable attorney's fees").

As set forth in the accompanying declarations, Class Counsel and their staff have expended nearly 1,430 hours investigating, litigating, and negotiating a resolution to this litigation, and have

accrued a total combined lodestar of more than $743,099.00.  *See* Goldenberg Decl., ¶10; Shaw Decl., ¶10; Finney Decl., ¶21; Coates, Decl., ¶10.  Below is a chart listing the attorneys ("A"), paralegals ("PL"), and legal assistants ("LA") who worked on this litigation, their years of experience, and their corresponding hourly rates:

**Goldenberg Schneider, LPA:**

| TIMEKEEPER | EXPERIENCE | TIME | RATE | AMOUNT |
|---|---|---|---|---|
| **Jeffrey S. Goldenberg (A)** | 25 years | 382.5 | $650 | $248,625.00 |
| **Todd B. Naylor (A)** | 22 years | 18.9 | $600 | $11,340.00 |
| **Robert B. Sherwood (A)** | 17 years | 194.2 | $550 | $106,810.00 |
| **Stephanie Vaaler (PL)** | 35 years | 52.1 | $150 | $7,815.00 |
| **Cheryl Pence (LA)** | 32 years | 50.2 | $125 | $6,275.00 |
|  |  |  |  |  |
| **TOTAL** |  | **697.9** |  | **$380,865.00** |

**Markovits, Stock & DeMarco, LLC:**

| TIMEKEEPER | EXPERIENCE | TIME | RATE | AMOUNT |
|---|---|---|---|---|
| **W.B. Markovits (A)** | 38 | 124.50 | $700.00 | $87,150.00 |
| **Louise M. Roselle (A)** | 47 | 3.40 | $700.00 | $2,380.00 |
| **Christopher D. Stock (A)** | 17 | 0.10 | $650.00 | $65.00 |
| **Justin C. Walker (A)** | 14 | 47.60 | $530.00 | $25,228.00 |
| **Terence R. Coates (A)** | 10 | 36.20 | $530.00 | $19,186.00 |
| **Zachary C. Schaengold (A)** | 6 | 39.4 | $375.00 | $14,775.00 |
| **Dylan J. Gould (A)** | 1 | 6.80 | $300.00 | $2,040.00 |
| **Diane Pendygraft (A)** | 27 | 46.10 | $150.00 | $6,915.00 |
| **Laura Linneman (PL)** | 6 | 12.00 | $150.00 | $1,800.00 |
| **Jenna Pottschmidt (PL)** | 3 | 41.30 | $150.00 | $6,195.00 |
| **TOTAL** |  | **357.40** |  | **$165,734.00** |

**Finney Law Firm, LLC:**

| TIMEKEEPER | EXPERIENCE | TIME | RATE | AMOUNT |
|---|---|---|---|---|
| Justin C. Walker (A) | 15 | 184.90 | $500.00 | $92,450.00 |
| Laura Linneman (PL) | 6 | 62.60 | $150.00 | $9,390.00 |
| TOTAL | | 247.50 | | $101,840.00 |

**Shepherd, Finkelman, Miller & Shah, LLP:**

| TIMEKEEPER | EXPERIENCE | TIME | RATE | AMOUNT |
|---|---|---|---|---|
| Alexa White (PL) | 7 | 8.40 | $200.00 | $1,680.00 |
| Christine Mon (PL) | 32 | 5.20 | $200.00 | $1,040.00 |
| Chiharu Sekino (A) | 4 | 0.80 | $450.00 | $360.00 |
| James Shah (A) | 22 | 105.30 | $850.00 | $89,505.00 |
| Nathan Zipperian (A) | 21 | 1.00 | $700.00 | $700.00 |
| Ronald Kravitz (A) | 31 | 0.90 | $750.00 | $675.00 |
| Sue Moss (PL) | 34 | 3.50 | $200.00 | $700.00 |
| TOTAL | | 125.10 | | $94,660.00 |

**Combined Time:**            1,427.9 hours
**Combined Lodestar:**        $743,099.00

B. <u>The Hours Spent By Class Counsel Are Reasonable</u>

"The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). "'By and large, the [district] court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Chaudhry v. City of L.A.*, 751 F.3d 1096, 1111 (9th Cir. 2014) (quoting *Moreno*, 534 F.3d at 1112). "Typically, '[a]n attorney's sworn testimony that, in fact, [he] took the time claimed ... is evidence of considerable weight on the issue of the time required.'" *Holt v. Kormann*, No. SACV 11-01047 DOC, 2012 WL 5829864, at *6 (C.D. Cal. Nov. 15, 2012) (quoting *Blackwell v. Foley*, 724

Plaintiff's Notice of Motion and Motion and Memorandum of Points and Authorities in Support of Request for Attorneys' Fees, Expenses, and Service Award
 5:18-cv-05626-NC

F.Supp.2d 1068, 1081 (N.D. Cal. 2010)). *See also* N.D. Cal. Procedural Guidance for Class Action Settlements ("Declarations of class counsel as to the number of hours spent on various categories of activities related to the action by each biller, together with hourly billing rate information may be sufficient, provided that the declarations are adequately detailed.").[2]

Here, Class Counsel's declarations reflect that they collectively expended nearly 1,430 hours investigating and litigating this case and implementing this settlement. *See* Goldenberg Dec., ¶10; Coates Dec., ¶10, Finney Dec., ¶21; Shah Dec., ¶10. In order to be in a position to vigorously prosecute this matter and negotiate and evaluate the proposed settlement, Class Counsel were required to spend considerable time investigating the factual issues involved, researching and analyzing applicable law and legal claims, briefing Defendant's motion to dismiss, and speaking with class members about their experiences. Counsel conducted informal discovery regarding the design, development and testing of the Headphones, worked with an independent expert to test the Headphones, and engaged in numerous arm's-length settlement negotiations -- including two-months of mediation and discussions under the direction and guidance of Martin Quinn, Esq.

Because Class Counsel were organized from the outset of this litigation and allocated assignments and responsibilities to each firm, this case was litigated efficiently and effectively. *See* Goldenberg Dec., ¶9; Coates Dec., ¶9, Finney Dec., ¶20; Shah Dec., ¶9. Notably, the lodestar total does not include time that Class Counsel have written off in the exercise of billing discretion. *See Id*. Nor does it include additional time that Class Counsel will have to spend going forward in obtaining

---

[2] The detailed time charts attached as exhibits to Class Counsel's declarations break down their time into the various categories of activities involved in this litigation.

final approval of, and overseeing implementation of, the Settlement Agreement. Because Class Counsel's time was expended for the benefit of the Class and was critical to the success achieved, it should be approved as reasonable.

### C. Class Counsel's Hourly Rates Are Reasonable

The accompanying declarations from Class Counsel set forth the billing rates used to calculate their lodestars. *See* Goldenberg Decl., Ex. A; Coates Decl., Ex. A, Finney Decl., Ex. A; Shah Decl., Ex. A. "[T]he determination of a reasonable hourly rate is not made by reference to the rates actually charged the prevailing party[,]" but rather, "by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (internal quotes omitted). The court must determine the reasonable hourly rate in the context of rates charged in "the relevant community," which is "the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). "[D]istrict courts in Northern California have found that rates of $475-$975 per hour for partners and $300-$490 per hour for associates are reasonable." *Superior Consulting Servs., Inc. v. Steeves-Kiss*, No. 17-CV-06059-EMC, 2018 WL 2183295, at *5 (N.D. Cal. May 11, 2018). *See also In re Linkedin User Privacy Litig.*, 309 F.R.D. 573, 591 (N.D. Cal. 2015) ("In the Bay Area, "reasonable hourly rates for partners range from $560 to $800, for associates from $285 to $510, and for paralegals and litigation support staff from $150 to $240.")

Here, Class Counsel are class action attorneys of considerable experience and esteem. *See* Goldenberg Decl., ¶7; Coates Decl., ¶7, Finney Decl., ¶¶6-18; Shah Decl., ¶7. For example, William Markovits, Esq. has 38 years of experience, Mr. Goldenberg has 25 years of experience, and Mr.

Plaintiff's Notice of Motion and Motion and Memorandum of Points and Authorities in Support of Request for Attorneys' Fees, Expenses, and Service Award
 5:18-cv-05626-NC

Shah has 22 years of experience. Class Counsel's rates — which range from $300/hr to $850/hr for attorneys and $125/hr to $200/hr for paralegals and staff — are commensurate with their expertise and experience and fall comfortably within the range of rates previously approved by federal courts in California. *See, e.g., Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010) (district court did not abuse its discretion in awarding 2008 hourly rates for Bay Area attorneys of up to $875 for a Principal, $700 for an attorney with 23 years of experience, $425 for an attorney with approximately five years of experience, and $190 for paralegals); *Gutierrez v. Wells Fargo Bank, N.A.*, No. C 07-05923, 2015 WL 2438274, at *5 (N.D. Cal. May 21, 2015) (approving rates between $475-975 for Principals and $300-490 for associates); *Johnson v. Fujitsu Tech. & Bus. of Am., Inc.*, No. 16-CV-03698-NC, 2018 WL 2183253, at *7 (N.D. Cal. May 11, 2018) (rates up to $875 for class action attorneys deemed "reasonable"); *Roe v. Frito-Lay, Inc.*, No. 14-CV-00751-HSG, 2017 WL 1315626, at *6 (N.D. Cal. Apr. 7, 2017) (finding rates of $800, $650, $600, and $450 per hour "reasonable and in line with prevailing rates in this District for [class action attorneys] of comparable experience, skill, and reputation"); *Bowerman v. Field Asset Serv., Inc.*, No. 13-cv-00057-WHO, 2018 WL 5982436, at *2 (N.D. Cal. Nov. 11, 2018) (rates of $775 and $700 per hours "well within the reasonable range"); *Pierce v. Cty. of Orange*, 905 F. Supp. 2d 1017, 1039 (C.D. Cal. 2012) (approving hourly rates of up to $850 per hour); *Rose v. Bank of Am. Corp.*, No. 5:11–CV–02390–EJD, 2014 WL 4273358, at *12 (N.D. Cal. Aug. 29, 2014) (finding reasonable: partners rates between $350–$775 per hour; associates at $325–$525 per hour; and paralegal rates between $100–$305 per hour); *Rutti v. Lojack Corp.*, No. SACV 06-350 DOC JCX, 2012 WL 3151077, at *11 (C.D. Cal. July

31, 2012) (approving rates of up to $750 per hour); *Esomonu v. Omnicare, Inc.*, No. 15-CV-02003-HSG, 2019 WL 499750, at *7 (N.D. Cal. Feb. 8, 2019) (approving rates of up to $750 per hour).

      D.  <u>The Requested Fee Represents a Negative Lodestar Multiplier of 0.8 and is Unquestionably Reasonable</u>

Under the lodestar method, counsel's lodestar may be adjusted for purposes of awarding a fee based upon consideration of factors such as (1) the results obtained, (2) the novelty and complexity of the questions presented, (3) the skill exhibited by counsel, (4) preclusion of other legal work because of counsel's acceptance and prosecution of the case, and (5) risk of nonpayment. *Hanlon*, 150 f.3d at 1029; *Kerr*, 526 F.2d at 70. Although the application of these factors may reasonably support a positive multiplier here, the fee requested by Plaintiff actually represents a significant *negative* multiplier on counsel's lodestar. This strongly suggests that Plaintiff's requested fee is reasonable. *See, e.g., Lymburner v. U.S. Fin. Funding, Inc.*, No. C-08-00325 EDL, 2012 WL 398816, at *6 (N.D. Cal. Feb. 7, 2012) (negative multiplier supports reasonableness of the fee request).

          (1) The Results Obtained for the Class

The proposed settlement provides substantial benefits to the Class and is well-tailored to the claims alleged and to the risks and harms faced by Class Members. Under the Settlement Agreement, Class Members may obtain one of three alternative benefits. First, Class Members who purchased their Headphones on or after January 1, 2018 may opt to receive a 12-month limited warranty extension on the Headphones, with the 12-month extension beginning to run from the Effective Date of the Settlement (the "Extended Warranty"). *See generally* Settlement Agreement § 6.2.[3] Class

---

[3] Assuming the Effective Date occurs 30 days after the December 20, 2019 Fairness Hearing (January 20, 2020 Effective Date), the 12-month extended warranty would continue through January 20, 2021.

Members who are not qualified to receive the extended warranty (by reason of having purchased their Headphones prior to January 1, 2018), and Class Members who are qualified to receive the extended warranty but who elect to forego it, may qualify to receive either a $50 or $25 cash payment from Defendant, depending upon whether they previously complained about the Headphones' battery or moisture resistance issues in writing. *See generally* Settlement Agreement § 6.6. These are valuable benefits obtained for the Class. For example, a reasonable estimated price for an extended warranty on a $100/$125 pair of headphones would be around $10. Since approximately 300,000 members of the Class are eligible for this benefit, the extended warranty settlement benefit's estimated class-wide value would be $3,000,000.

(2) Novelty and Complexity of the Issues and Skill Demonstrated by Counsel

This case involves substantial legal issues of product liability and warranty law on behalf of a nationwide class. In addition, it involves complicated and technical alleged defects with the Headphones requiring highly specialized experts. Courts recognize that the "prosecution and management of a complex national class action requires unique legal skills and abilities." *Knight v. Red Door Salons, Inc.*, No. 08-01520, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009). Plantronics was in a position to mount a vigorous defense, and the substantial recovery for the Class is a testament to Class Counsel's skill. The novelty and complexity of the factual and legal issues strongly militate in favor of granting the requested fee.

(3) Risk of Nonpayment and Preclusion of Other Work

Courts have long recognized that the public interest is served by rewarding attorneys who assume representation on a contingency basis with an enhanced fee to compensate them for the risk

Plaintiff's Notice of Motion and Motion and Memorandum of Points and Authorities in Support of Request for Attorneys' Fees, Expenses, and Service Award
 5:18-cv-05626-NC

15

that they might be paid nothing at all for their work. *See In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994) ("It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases."). "Contingent fees that may far exceed the market value of the services if rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis regardless whether they win or lose." *Id*. *See also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002) (courts reward successful class counsel in contingency case "by paying them a premium over their normal hourly rates").

Class Counsel prosecuted this matter on a purely contingent basis, agreeing to advance all necessary expenses, with the understanding that they would only receive a fee if there was a recovery. *See* Goldenberg Dec., ¶6. Class Counsel's outlay of time and resources in this case has been significant. And Class Counsel expended these resources despite the very real risk that they may never receive compensation. "This substantial outlay, when there is a risk that none of it will be recovered, further supports the award of the requested fees." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1047 (N.D. Cal. 2008). Moreover, Class Counsel's devotion to this matter in lieu of other opportunities also supports the requested fee. *See Vizcaino*, 290 F.3d at 1050.

E. <u>Class Counsel's Expenses are Reasonable and Should be Reimbursed.</u>

Class Counsel are entitled to reimbursement of the expenses they reasonably incurred investigating and prosecuting this matter. *See* Settlement Agreement ¶10.2 ('Plantronics agrees to pay, subject to Court approval, Attorneys' Fees and Expenses of up to a maximum of [$650,000].");

Plaintiff's Notice of Motion and Motion and Memorandum of Points and Authorities in Support of Request for Attorneys' Fees, Expenses, and Service Award
 5:18-cv-05626-NC
16

*In re Omnivision Techs., Inc*., 559 F. Supp. 2d 1036, 1048 (N.D. Cal. 2008) ("Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters."). Reasonable reimbursable litigation expenses include costs related to document reproduction, court fees, court reporter fees, computer research, postage, professional fees for experts and mediators, and travel, among others. *See, e.g., In re Media Vision Tech. Sec. Litig*., 913 F. Supp. 1362, 1366 (N.D. Cal. 1996) (awarding expenses for court fees, experts/consultants, service of process, court reporters, transcripts, deposition costs, computer research, photocopies, postage, and telephone/fax).

As of October 31, 2019, Class Counsel have incurred a total of $42,210.24 in out-of-pocket expenses for which they seek reimbursement. See Goldenberg Decl., ¶12 ; Finney Decl., ¶23; Shah Decl., ¶12; Coates, Decl., ¶12. These expenses were reasonably necessary for the prosecution and resolution of this litigation and were incurred by Class Counsel for the benefit of the Class with no guarantee that they would be reimbursed. They are reasonable in amount and should be approved.

F. <u>Plaintiff Shin's Requested Service Award is Reasonable</u>

The Ninth Circuit has recognized that "named plaintiffs, as opposed to designated class members who are not named plaintiffs, are eligible for reasonable incentive payments." *Staton v. Boeing Co*., 327 F.3d 938, 977 (9th Cir. 2003). *See also Rodriguez v. W. Publ'g Corp*., 563 F.3d 948, 958 (9th Cir. 2009) (service awards are "fairly typical in class action cases"). Such awards are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Id*. at 958-59.

The requested $5,000 service award for Plaintiff Shin is reasonable and justified. He has been actively engaged in the case from the beginning, provided information to counsel, gathered documents, reviewed pleadings, stayed up to date about the litigation, and reviewed and approved the proposed settlement. Shin Decl., ¶¶1-6. His commitment is particularly notable given the relatively modest size of his personal financial stakes in this matter. *See Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) ("In exchange for his participation, Van Vranken will not receive great personal benefit. He owns a moderately sized truck stop and his claim makes up only a tiny fraction of the common fund.").

Moreover, the amount of the award requested -- $5,000 -- is consistent with what numerous courts in the District have awarded in other cases. In fact, "[i]n this district, a $5,000 payment is *presumptively reasonable.*" *Pierce v. Rosetta Stone, Ltd.*, No. C 11-01283 SBA, 2013 WL 5402120, at *6 (N.D. Cal. Sept. 26, 2013) (emphasis added); *Ko v. Natura Pet Prod., Inc.*, No. C 09-02619 SBA, 2012 WL 3945541, at *15 (N.D. Cal. Sept. 10, 2012) (similar); *In re Linkedin User Privacy Litig.*, 309 F.R.D. 573, 592 (N.D. Cal. 2015) (similar); *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 335 (N.D. Cal. 2014) (similar); *Resnick v. Frank*, 779 F.3d 934, 947 (9th Cir. 2015) (approving $5,000 incentive award even though it was "roughly 417 times larger than the $12 individual award" that unnamed class members would receive); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015) (approving $5,000 service award where average class claim is for $12).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that the Court grant his motion and award $650,000 to Class Counsel for attorneys' fees and expenses and $5,000 to Plaintiff Shin as a

service award, with all such amounts to be paid by Defendant as set forth in the Settlement Agreement.

Dated: November 8, 2019                           Respectfully submitted,

                   */s/ Jeffrey S. Goldenberg*
Jeffrey S. Goldenberg
Todd B. Naylor
Goldenberg Schneider, L.P.A.
One West 4th Street, 18th Floor
Cincinnati, OH 45202
Telephone: (513) 345-8291
Fax: (513) 345-8294
jgoldenberg@gs-legal.com
tnaylor@gs-legal.com

Ronald S. Kravitz (SBN 129704)
James C. Shah (SBN 260435)
Shepherd, Finkelman, Miller & Shah, LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (415) 429-5272
Facsimile: (866) 300-7367
rkravitz@sfmslaw.com
jshah@sfmslaw.com

W.B. Markovits
Justin Walker
Markovits, Stock & DeMarco LLC
3825 Edwards Road, Suite 650
Cincinnati, OH 45209
Telephone: (513) 665-0200
Fax: (513) 665-0219
bmarkovits@msdlegal.com
jwalker@msdlega.com

*Attorneys for Plaintiff and Settlement Class*