Ronald S. Kravitz (SBN 129704)
James C. Shah (SBN 260435)
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (415) 429-5272
Facsimile: (866) 300-7367
rkravitz@sfmslaw.com
jshah@sfmslaw.com

Jeffrey S. Goldenberg
GOLDENBERG SCHNEIDER, L.P.A.
One West 4th Street, 18th Floor
Cincinnati, OH 45249
Telephone: (513) 345-8291
Fax: (513) 345-8294
jgoldenberg@gs-legal.com

(Additional Attorneys for Plaintiff Listed on Signature Page)

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHIL SHIN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PLANTRONICS, INC.,<br><br>Defendant. | Case No. Case No.: 5:18-cv-05626-NC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hon. Nathanael M. Cousins<br><br>DATE: December 20, 2019<br>TIME: 11 am<br>LOCATION: Courtroom 7 |

TO:    THE CLERK OF THE COURT; and

TO:    DEFENDANT PLANTRONICS, INC., AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 20, 2019, at 11 am, or as soon thereafter as the matter may be heard, in Courtroom 7 of this Court, located at 280 South 1st Street, San Jose, CA 95113, before the Honorable Nathanael Cousins, Plaintiff Phil Shin will and hereby does move the Court pursuant to Fed. R. Civ. P. 23 for entry of an Order:

a.    Granting final approval of the proposed Amended Class Action Settlement and Release with Defendant Plantronics, Inc. and entering final judgment;

b.    Finally determining that the settlement is fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e);

c.    Finally approving the plan of allocation and directing payments of the claims;

d.    Approving Plaintiff's previously filed motion for attorneys' fees, expenses, and service award [ECF No. 85]; and

e.    Dismissing this action with prejudice.

This motion will be based on this Notice of Motion, the Memorandum of Points and Authorities, the Supplemental Declaration of Eric Schachter, the records and files in this action, and on such other matter as may be presented before or at the hearing of the motion.  An electronic version of the proposed Order granting this Motion will be provided to the Court's email address as noted in the Northern District of California's Procedural Guidance for Class Actions Settlements ("Northern District's Guidelines").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ............................................................... 1

II.   BACKGROUND ............................................................. 3

III.  SETTLEMENT TERMS ..................................................... 4

      A.  Proposed Settlement Class ......................................... 4

      B.  The Settlement Offers Significant Benefits to the Settlement Class......... 5

      C.  The Release is Tailored to the Claims and is Reasonable..................... 7

      D.  The Notice Plan Was Implemented and the Response Has Been
          Extremely Positive ................................................ 7

IV.   ARGUMENT ............................................................. 10

      A.  Certification of the Settlement Class is Appropriate ......................... 10

          1.  The Rule 23(a) Prerequisites Are Satisfied................................ 10

          2.  The Settlement Class satisfies the requirements of Rule 23(b)(3) ........13

      B.  Notice to Class Members was Reasonable and Adequate ..................... 14

      C.  The Settlement is fair, adequate, and reasonable.............................. 15

          1.  Adequate Representation of the Class ......................................16

          2.  Arm's-Length Negotiation ...............................................16

          3.  Relief Provided to Class .................................................17

          4.  Equitable Treatment of Class Members ...................................21

      D.  Class Members' Response Weighs in Favor of Granting Final Approval... 22

i

PLAINTIFF'S NOTICE OF MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT
5:18-cv-05626-NC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

V.     CONCLUSION ................................................................................25

PLAINTIFF'S NOTICE OF MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT
5:18-cv-05626-NC

1

**TABLE OF AUTHORITIES**

2

**Cases**                                                                                           **Page(s)**

3

*Amchem Prods. v. Windsor*,

4
      521 U.S. 591 (1997) …………………………………………………………… 10,14

5

*Brewer v. Salyer*,

6
      2017 WL 2813178 (E.D. Cal. June 29, 2017) …………………………………….. 22

7

*Celano v. Marriott Int'l Inc*.,
      242 F.R.D. 544 (N.D. Cal. 2007) ………………………………….................... 11

8

*Edwards v. First Am. Corp.,*

9
      798 F.3d 1172 (9th Cir. 2015) …………………………………………………..13

10

*Hanlon v. Chrysler Corp*.,

11
      150 F.3d 1011 (9th Cir. 1998) …………………………………………..11,12,14-17

12

*Harris v. Vector Mktg. Corp.*,
      No. C-08-5198 EMC, 2011 WL 1627973 (N.D. Cal. Apr. 29, 2011) …………… 22

13

*In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices & Prod. Liab. Litig.*,

14
      No. 17-MD-02777-EMC, 2019 WL 536661(N.D. Cal. Feb. 11, 2019) …………..11,13,14,24

15

*In re ECOtality, Inc. Sec. Litig.*,

16
      No. 13-cv-03971-SC, 2015 WL 5117618 (N.D. Cal. Aug. 28, 2015) ………….. 2,22

17

*In re Hyundai & Kia Fuel Econ. Litig*.,

18
      926 F.3d 539 (9th Cir. 2019) ………………………………………………… 14

19

*In re MyFord Touch Consumer Litig*.,
      No. 13-CV-03072-EMC, 2019 WL 1411510 (N.D. Cal. Mar. 28, 2019) ………… 21,22,25

20

*In re Premera Blue Cross Customer Data Sec. Breach Litig.,*

21
      No. 3:15-md-2633-SI, 2019 WL 3410382 (D. Or. July 29, 2019) ……………… 25

22

*In re TFT-LCD (Flat Panel) Antitrust Litig*.,

23
      2011 WL 7575004 (N.D. Cal. Dec. 27, 2011) …………………………………..23

24

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prods. Liab. Litig*.,
      No. 2672 CRB (JSC), 2017 WL 672820 (N.D. Cal. Feb. 16, 2017) ………………12,13

25

26

27

iii

28

1

**Cases**                                                                                      **Page(s)**

*In re Yahoo Mail Litig.*,
    2016 WL 4474612 (N.D. Cal. Aug. 25, 2016)…………………………………….. 23

*Linney v. Cellular Alaska P'ship*,
    151 F.3d 1234 (9th Cir. 1998) ……………………………………………………..18

*Mendoza v. Hyundai Motor Co.*,
    No. 15-cv-1685-BLF, 2017 WL 342059 (N.D. Cal. Jan. 23, 2017) ……………10,14

*Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004)…………………………………………………….. 22

*Nielson v. The Sports Auth.*,
    No. C 11-4724 SBA, 2013 WL 3957764 (N.D. Cal. July 29, 2013) ………………16

*O'Connor v. Uber Techs. Inc.*,
    No. 13-CV-03826-EMC, 2019 WL 1437101 (N.D. Cal. Mar. 29, 2019) ………….16

*Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*,
    688 F.2d 615 (9th Cir. 1982) ………………………………………………………..18

S*cheffler v. Alltran Financial, LP*,
    No. 18-415 (DWF/LIB), 2019 WL 93390 (D. Minn. Jan. 3, …………………….. 23

*Scheffler v. City of New Hope*,
    No. 18-cv-1690, 2019 WL 2053994 (D. Minn. May 9, 2019) …………………… 23

*Sullivan v. DB Invs., Inc.*,
    667 F.3d 273 (3d Cir. 2011) ………………………………………………………… 14

*Valentino v. Carter-Wallace, Inc.*,
    97 F.3d 1227 (9th Cir. 1996) ……………………………………………………… 13

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011)………………………….................................................... 11

*Zamora Jordan v. Nationstar Mortg., LLC*,
    No. 2:14-CV-0175-TOR, 2019 WL 1966112 (E.D. Wash. May 2, 2019) ……….. 20

iv

1

**<u>Other Authorities</u>**                                                                    **<u>Page(s)</u>**

Fed. R. Civ. P. 23(a) ………………………………………………………… 10

Fed. R. Civ. P. 23(a)(2) …………………………………………………………11

Fed. R. Civ. P. 23(a)(3) …………………………………………………………12

Fed. R. Civ. P. 23(a)(4) …………………………………………………………12

Fed. R. Civ. P. 23(b)(3)…………………………………………………………… 13

Fed. R. Civ. P. 23(e)(2) …………………………………………………………16

Fed. R. Civ. P. 23(e)(2)(A) …………………………………………………………16

Fed. R. Civ. P. 23(e)(2)(B) ………………………………………………………... 16

Fed. R. Civ. P. 23(e)(2)(C) …………………………………………………………  17

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT
5:18-cv-05626-NC

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiff Shin respectfully requests the Court grant final approval to this Settlement and the Amended Class Action Settlement and Release [ECF No. 70-2] ("Agreement").[1] The Settlement is fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23(e)(2); represents a substantial recovery for the Settlement Class; and fully complies with the Northern District's Guidelines.[2] Under the Settlement, every purchaser who (1) files a claim, (2) attests that he or she experienced a failure due to battery charging or moisture issues, and (3) has proof of purchase (either submitted by the purchaser or obtained from retailers by Class Counsel via subpoena) will be eligible to receive a $25 payment. Those purchasers who have documentation (either submitted by the purchaser or provided by Plantronics or by retailers) proving that they previously made a written complaint regarding charging issues will be eligible to receive a larger $50 payment. Class Members who purchased their Headphones on or after January 1, 2018 can receive a one-year limited extended warranty. These are all valuable settlement benefits.

The Parties reached the Settlement after two and a half months of hard-fought negotiations with the assistance of a respected third-party mediator Martin Quinn, Esq. of JAMS in San Francisco. When the Settlement was reached, the Parties understood the strengths and weaknesses of their respective positions. Plaintiff, through his counsel, conducted an extensive investigation, filed an original complaint, an amended complaint, briefed and argued a motion to dismiss, undertook significant fact discovery, and consulted with a world-renowned battery expert. Based upon Class

---

[1] Unless otherwise noted, capitalized terms have the meaning ascribed to them in the Agreement.
[2] *See* UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, *Procedural Guidance for Class Action Settlements* (Dec. 5, 2018), https://www.cand.uscourts.gov/ClassActionSettlementGuidance

PLAINTIFF'S NOTICE OF MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT
5:18-cv-05626-NC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Counsel's evaluation of the facts and applicable law and their recognition of the substantial risk and expense of continued litigation, this proposed Settlement is in the best interests of the Class and will provide an immediate meaningful recovery.

On August 13, 2019, the Court granted preliminary approval of the proposed Settlement. *See* Order Granting Plaintiff's Renewed Motion for Preliminary Approval of Class Action Settlement [ECF No. 75] ("Preliminary Approval Order"). The Court determined that its previously expressed concerns relating to the original proposed settlement had been adequately addressed by the amended Settlement. *Id*. The Court further found that the Settlement was likely to be approved under Fed. R. Civ. P. 23(e)(2), was negotiated at arm's length, and was fair, reasonable, and adequate. *Id*. at 5. The Court directed notices to the Settlement Class and scheduled a final approval hearing for December 20, 2019. *Id*. The Court also determined that the proposed notice plan satisfied both Fed. R. Civ. P. 23 and due process and was the best notice practicable under the circumstances. *Id*. Nothing warrants changing these findings now, particularly given that the primary objection deadline has now passed and only one untimely objection has been received.[3] *See In re ECOtality, Inc. Sec. Litig.*, No. 13-cv-03971-SC, 2015 WL 5117618, at *3 (N.D. Cal. Aug. 28, 2015) ("After receiving notice of the proposed settlement, class members in this suit have been silent. As a result, this factor weighs heavily in favor of approval.").

Accordingly, Plaintiff respectfully submits that the Settlement should be finally approved and asks the Court to: (1) grant final approval of the Settlement and enter final judgment; (2) find that

---

[3] The objection deadline for class members who purchased Headphones through Amazon was extended by the Court until December 17, 2019. [ECF No. 83]. If any objections are filed by Amazon class members, Class Counsel will address those objections at the December 20, 2019 hearing.

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

adequate notice was provided to the Class Members; (3) approve Plaintiff's request for attorneys' fees, expenses, and service award [ECF No. 85]; and (4) dismiss this action with prejudice.

## II.     BACKGROUND

On September 13, 2018, Plaintiff Phil Shin commenced this action against Defendant challenging the marketing and sale of the Headphones[4] manufactured by Plantronics. Plaintiff subsequently filed the operative First Amended Class Action Complaint ("FAC") [ECF No. 35] on December 14, 2018. Plaintiff generally alleges, among other things, that Defendant falsely marketed the Headphones as "waterproof", "sweatproof" and providing "up to 8 hours" of wireless listening time from a single charge. Plaintiff asserts various common law and statutory consumer protection claims. The FAC seeks certification of a nationwide class of Headphone purchasers. Plantronics denies the allegations and claims and has asserted substantial defenses to Plaintiff's claims.[5]

On January 23, 2019, the Parties mediated before Martin Quinn, Esq. of JAMS in San Francisco. The Parties made substantial progress but were not able to fully resolve the dispute. Through the mediator, the Parties continued to engage in extensive settlement discussions. On February 13, 2019, Plantronics filed a motion to dismiss [ECF No. 40] the FAC, seeking dismissal of the entire complaint. Thereafter, the Parties fully briefed the motion to dismiss, and the Court heard oral argument on March 27, 2019.

---

[4] The Headphones are Plantronics BackBeat FIT wireless sport headphones, version Genesis or 16M, which were manufactured by Plantronics before September 2018.
[5] According to Plantronics, (i) the Headphones are not defective in any respect; (ii) the Headphones were tested and qualified to be waterproof, sweatproof and providing up to 8 hours of listing time, as represented; (iii) Plantronics did not fail to disclose any material defect in the Headphones; (iv) Plaintiff's and the putative class's exclusive remedy for any defective Headphones is the Limited Warranty; (v) Plantronics fully complied with the Limited Warranty for the Headphones; (vi) Plaintiff failed to comply with the Limited Warranty and/or failed to submit a timely warranty claim for his Headphones; (vii) Plaintiff failed to provide pre-suit notice to Plantronics, such that his warranty claims are barred; (viii) Plaintiff fails to allege sufficient facts in the FAC to state any valid claims against Plantronics; (ix) Plaintiff and the putative class did not suffer any losses or actual injury; and (x) certification of any class, let alone a nationwide class, is not appropriate.

3
PLAINTIFF'S NOTICE OF MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT
5:18-cv-05626-NC

On March 28, 2019, the Parties reached agreement in principal and signed a written Memorandum of Understanding outlining the terms of the agreement. On March 29, 2019, the Parties informed the Court that they had reached a settlement in principal to resolve this matter on a national class-wide basis, and on April 5, 2019, the Parties filed a Joint Notice of Class Action Settlement [ECF No. 50] with the Court. On June 17, 2019, the Court issued an order denying Plaintiff's motion [ECF No. 64] and identifying several specific concerns with the proposed settlement. The Parties thereafter worked diligently together to amend the Settlement to address the Court's concerns.

On July 31, 2019, Plaintiff filed a renewed motion for preliminary approval of the amended Agreement [ECF No. 70]. The Court held a hearing on the motion on August 12, 2019 [ECF No. 73] and issued the Preliminary Approval Order on August 13, 2019. Concluding that its previous concerns had been fully addressed, the Court directed notice to be issued and scheduled a fairness hearing for December 20, 2019. *Id.* The Parties have implemented the notice plan, and now request that the Court grant final approval to this Settlement.

## III.    SETTLEMENT TERMS

### A.  Proposed Settlement Class

Plaintiff seeks final approval of the Settlement on behalf of the following Settlement Class:

> All Persons domiciled within the United States and its territories who purchased at retail Plantronics BackBeat FIT wireless headphones, version Genesis or 16M,[6] between April 1, 2014 and the Notice Date (September 16, 2019). Excluded from the Class is Defendant and its officers, directors and employees; Class Counsel and their partners, associates, lawyers, and employees; and the judicial officers and their immediate family members and associated Court staff assigned to this case.

Agreement § 3.8.

---

[6] BackBeat FIT wireless headphones, version Genesis or 16M, were manufactured by Plantronics prior to September 2018.

4

1

2

### B. The Settlement Offers Significant Benefits to the Settlement Class

This Settlement offers Class Members the following three alternative benefits:

<u>Alternative 1: Extended Limited Warranty – Agreement § 6.2</u>

Class Members who purchased their Headphones on or after January 1, 2018 may opt to receive a 12-month limited warranty extension on the Headphones (the "Extended Warranty").[7] *See generally* Agreement § 6.2. Approximately 300,000 Class Members purchased the Headphones on or after January 1, 2018. *Am. Goldenberg Decl.* [ECF No. 70-17], ¶9. While Class Members who purchased Headphones before January 1, 2018 are not eligible for the Extended Warranty, they can claim cash benefits under either Alternative 2 or Alternative 3. Class Members qualifying for the Extended Warranty do not need to submit a Claim Form. They must comply with the on-line warranty claim process on Plantronics' website and must return to Plantronics their existing Headphones for which they are making the warranty claim. To qualify for coverage under the Extended Warranty, the warranty claim must be based on a battery charging or moisture issue, and the Class Member must attest under penalty of perjury that he, she or it (i) has not filed a warranty claim on the Headphones previously; (ii) did not previously receive a replacement set of Headphones from any source; and (iii) did not previously receive a refund for all or any portion of the purchase price of the Headphones.[8] Importantly, the 300,000 Class Members eligible for the Extended Warranty may elect to forego the extended warranty and instead file a claim for the $50 or $25 cash benefit (discussed below).

---

[7] To the extent that the original limited warranty applicable to the original purchase of the Headphones (the "Original Limited Warranty") has not expired by the Effective Date, the Extended Warranty shall be in addition to and take effect after expiration of the Original Limited Warranty. Agreement, § 6.3.

[8] Plantronics is entitled to rebut the Class Member's assertion of no prior warranty claim, replacement Headphones, or refund with verifiable evidence to the contrary. Agreement, § 6.2(c).

5

1

2

3

Class Members who are not qualified to receive the Extended Warranty (by reason of having purchased their Headphones prior to January 1, 2018), and Class Members who are qualified to receive the Extended Warranty but who elect to forego the Extended Warranty, may qualify to receive a cash payment from Defendant under either Alternative 2 or Alternative 3, but not both.

<u>Alternative 2: $50 Cash Payment – Agreement § 6.6.1</u>

A Class Member may opt to receive a $50 payment if the Class Member timely submits to the Settlement Administrator (1) a properly completed Claim Form, (2) either submits proof of purchase information (e.g., receipt) or proof of purchase information is obtained by Class Counsel from third-party retailers or is provided by Defendant, (3) evidence that the Class Member had, prior to September 12, 2018, made a written claim or complaint that the Headphones' were defective or did not function properly due to battery charging or moisture issues, and (4) an attestation under penalty of perjury that the Class Member's Headphones experienced a battery charging issue but the Class Member did not previously receive a replacement set of Headphones or a refund for all or any portion of their purchase price.[9] A Class Member who fully complies with all of the above requirements shall receive a payment of $50.[10]  There shall be a limit of two (2) claims per Class Member.[11]

<u>Alternative 3: $25 Cash Payment – Agreement § 6.6.2</u>

A Class Member may opt to receive a $25 payment by timely submitting (1) a properly completed Claim Form, (2) proof of purchase information (e.g., receipt) or proof of purchase information is obtained by Class Counsel from third-party retailers or is provided by Defendant, and

[9] Plantronics is entitled to rebut the Class Member's assertion of no prior replacement Headphones or refund with verifiable evidence to the contrary provided to the Settlement Administrator. Agreement, § 6.6.1(d).

[10] If the Proof of Purchase shows that the Claimant purchased the Headphones for less than $50, the Claimant's recovery is limited to the price paid for the Headphones. Agreement, § 6.6.1.

[11] Claimants seeking the $50 payment who do not satisfy those requirements (e.g., fail to provide support demonstrating previous complaint), will automatically be evaluated to determine if they satisfy the requirements for the $25 benefit.

6

PLAINTIFF'S NOTICE OF MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT
5:18-cv-05626-NC

(3) an attestation under penalty of perjury that the Class Member's Headphones malfunctioned or failed to work properly due to a battery charging or moisture issue, and the Class Member did not previously receive a replacement set of Headphones or a refund for all or any portion of their purchase price.[12] There shall be a limit of two (2) claims per Class Member. Notwithstanding the foregoing, a Class Member who previously received a replacement set of Headphones from any source may make one, and only one, claim for benefits under this Alternative 3 benefit, and such Class Member is excused from the requirement to attest under penalty of perjury that they did not previously receive a replacement set of Headphones from any source.

**C. The Release is Tailored to the Claims and is Reasonable.**

Under the Agreement, Class Members who do not timely and validly exclude themselves from the Settlement will release claims against Defendant and other Released Parties, which include Defendant's past, present, and future officers, directors, board members, agents, representatives, servants, employees, attorneys, and insurers. Agreement §§ 3.36, 11.1. The release is tailored to the claims at issue in this litigation and has been amended to address the Court's previous concerns that it was too broad. For example, it does not cover claims for personal injury or emotional distress for Class Members other than Plaintiff Shin and is now limited to claims that were the focus of the litigation – battery charging and moisture issues. Agreement, §§ 11.1, 11.2.

**D. The Notice Plan Was Implemented and the Response Has Been Extremely Positive.**

*Direct Notice*. Pursuant to the Preliminary Approval Order, the Settlement Administrator, A.B. Data, Ltd. ("A.B. Data"), is responsible for providing direct notice to all Class members with

---

[12] Plantronics is entitled to rebut the Claimant's assertion of no prior replacement Headphones or refund with verifiable evidence to the contrary presented to the Settlement Administrator. Agreement, § 6.6.2(c).

7

known mailing addresses and/or email addresses. Preliminary Approval Order, ¶14. As detailed in A.B. Data Vice President Eric Schachter's declaration filed on October 31, 2019, A.B. Data had caused the Short Form Notice to be sent: (i) via email to 447,497 unique email addresses of potential Class Members, of which 347,681 were successfully delivered to the recipient; and (ii) as a postcard via First-Class mail ("Postcard Notice") to 298,599 potential Class Members. *See* Schachter Decl. [ECF No. 84-1], ¶¶4-12. Since October 31, 2019, 935 Postcard Notices were returned to A.B. Data by the United States Postal Service as undeliverable without a forwarding address. *See* Supplemental Declaration of Eric Schachter ("Suppl. Schachter Decl.") [attached as Exhibit A], ¶4. A.B. Data attempted to locate an updated mailing address for each of these undeliverable addresses through third-party information providers, and, as a result, A.B. Data re-mailed the Postcard Notice to 549 updated mailing addresses. *Id*. Instead of providing customer information to A.B. Data, third-party retailer Amazon.com, Inc. ("Amazon") opted to directly disseminate email notice on November 25, 2019 to 178,051customers who purchased the Headphones. *See* Suppl. Schachter Decl., ¶5.[13]

*Media Notice*. To supplement the direct notice efforts, A.B. Data has implemented a targeted digital media plan through Google Display Network, Google AdWords/Search platform, and over YouTube. *See* Schachter Decl., ¶13. The digital media plan was completed on November 27, 2019, with over 82 million impressions delivered. Suppl. Schachter Decl., ¶6. This far exceeded the 39 million impressions A.B. Data had originally anticipated. *Id*. In addition, on October 29, 2019, A.B. Data disseminated a press release over PR Newswire's US1 Newsline. Schachter Decl., ¶14.

*Website and Telephone*. On September 16, 2019, A.B. Data established a dedicated settlement website, www.headphonesettlement.com. Schachter Decl., ¶15. The website includes summary

---

[13] Apple also issued notice directly to its customers. [ECF No. 84-1, ¶12].

PLAINTIFF'S NOTICE OF MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT
5:18-cv-05626-NC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

information and access to important documents. *Id*. Specifically, it provides information concerning the current status of the Action, contact information for Class Counsel, and downloadable copies of the Long-Form Notice and other relevant court documents and Settlement information. *Id*. The website also includes an electronic Claim Form, giving Class Members the ability to submit a claim online. *Id*. The website is accessible 24 hours a day, 7 days a week. *Id*. The website has had 98,160 unique visitors to date. Suppl. Schachter Decl., ¶7. A.B. Data also established a case-specific toll-free number on or about September 16, 2019. Schachter Decl., ¶14. Callers to the toll-free number are presented with a series of choices to respond to basic questions. *Id*. If callers need further assistance, they have the option to be transferred to a live operator during business hours. *Id*. To date, A.B. Data has received 654 telephone calls. Suppl. Schachter Decl., ¶8.

*Claims*. The claim deadline is December 31, 2019. *See* Preliminary Approval Order, ¶15. To date, A.B. Data has received 38,294 total claims. Suppl. Schachter Decl., ¶9. The processing of these claims, including the determination of the monetary value and validity, is in process. *Id*. Once the claims have been fully processed, A.B. Data will begin its auditing process and secondary reviews of the submitted claims to flag invalid or suspicious claims, such as claims submitted by non-Class Members, from suspicious locations, by repeat actors, and/or by Internet "bots." *Id*. Pursuant to the Settlement, once all processing is complete, A.B. Data will provide Defendant and Class Counsel (i) a list of the Class Members that submitted Valid Claims, including the benefit each Valid Claim is entitled to; and (ii) a list of the invalid or incomplete Claim Forms. *Id*. at ¶10. The Parties anticipate that payments for valid claims should be issued in March 2020, assuming no appeals are filed.

*Exclusions*. The deadline to request exclusion was November 22, 2019. *See* Preliminary Approval Order, ¶19. This deadline was extended to December 17, 2019, for Class Members notified

9

by Amazon. *See generally* Order [ECF No. 83].  To date, A.B. Data has received three requests for exclusion. Suppl. Schachter Decl., ¶11, Exh. B (listing opt-outs).

        *Objections*.  The deadline to submit an objection to the Settlement was November 22, 2019. *See* Preliminary Approval Order, ¶22.  Pursuant to the Preliminary Approval Order, objections were to be filed or delivered to the Court. *Id*. No objections were received or filed with the Court by the November 22, 2019 deadline.  However, A.B. Data received one untimely objection postmarked November 26, 2019. Suppl. Schachter Decl., ¶12. *See also* Suppl. Schachter Decl., Exh. C (Scheffler Objection).  This objection was subsequently filed with the Court on December 2, 2019. ECF No. 86.

## IV.    ARGUMENT

### A.  Certification of the Settlement Class is Appropriate.

        Plaintiff respectfully submits that the Court can and should definitively certify the Settlement Class for settlement purposes. The general standards for litigation class certification also apply to settlement class certification, except that the court need not consider potential trial management problems. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). A class action is maintainable if it meets the four Rule 23(a) prerequisites (i.e. numerosity, commonality, typicality, and adequacy). Fed. R. Civ. P. 23(a); *Mendoza v. Hyundai Motor Co*., No. 15-cv-1685-BLF, 2017 WL 342059, at *4 (N.D. Cal. Jan. 23, 2017). In addition, the settling parties must show that the action is maintainable under either Rule 23(b)(1), (2), or (3). *See, e.g., Mendoza*, 2017 WL 342059, at *4. In their preliminary approval motion, Plaintiff explained, in detail, why Rule 23(a)'s and Rule 23(b)(3)'s requirements are readily met here. However, Plaintiff will briefly address each of these elements here.

        1.  <u>The Rule 23(a) Prerequisites Are Satisfied.</u>

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Numerosity*. Rule 23(a)(1) requires the class to be so numerous that joinder of all parties is impracticable. The proposed Class has approximately 1.3 million members, which satisfies the numerosity requirement. *Am. Goldenberg Dec.*, ¶9; *See Celano v. Marriott Int'l Inc.*, 242 F.R.D. 544, 548-49 (N.D. Cal. 2007) (numerosity is generally satisfied when a class has at least 40 members).

*Commonality*. Commonality is met where "there are questions of fact and law which are common to the class." Fed.R.Civ.P. 23(a)(2). The common question "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "Rule 23(a)(2) has been construed permissively. All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient." *Hanlon v. Chrysler*, 150 F.3d 1011, 1019 (9th Cir. 1998).

Here, the commonality is satisfied because Plaintiff's and Class Members' claims "arise from [defendants'] common course of conduct." *In re Chrysler-Dodge-Jeep Ecodiesel Litig.*, No. 17-MD-02777-EMC, 2019 WL 536661, at *6 (N.D. Cal. Feb. 11, 2019). Common legal and factual questions include whether: (a) the Headphones are defective; (b) Plantronics' claim that the Headphones are "sweatproof" and "waterproof" is deceptive; (c) Plantronics' claim that the Headphones have "up to 8 hours" of battery life is deceptive; (d) Plantronics' claim that the Headphones are durable enough to withstand "working out" is deceptive; (e) Plantronics breached express warranties relating to the Headphones including the Headphones have "up to 8 hours" of use on a single charge and the Headphones are "sweatproof" and "waterproof"; (f) Plantronics breached the implied warranty of merchantability; (g) Plantronics breached the implied warranty of fitness for particular purpose; and

11

PLAINTIFF'S NOTICE OF MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT
5:18-cv-05626-NC

(h) Plantronics engaged in unfair, unconscionable, or deceptive trade practices by selling and/or marketing defective Headphones. These satisfy commonality.

*Typicality*. To satisfy typicality "the claims or defenses of the representative parties [must be] typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a)(3). "Typicality 'assure[s] that the interest of the named representative aligns with the interests of the class.'" *In re Volkswagen "Clean Diesel" Litig.*, No. 2672 CRB (JSC), 2017 WL 672820 at *7 (N.D. Cal. Feb. 16, 2017). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.

Plaintiff's claims are typical of the claims of the Class Members whom he seeks to represent under Fed. R. Civ. P. 23(a)(3) because Plaintiff and each Class Member have been similarly affected by Plantronics' conduct. As alleged in the Complaint, Plaintiff and all members of the Class purchased defective Headphones that render the Headphones either worthless or worth substantially less than the price paid to purchase the Headphones. In addition, Plaintiff asserts that Plantronics' alleged conduct that gave rise to the claims of Plaintiff and Class Members (i.e. delivering defective Headphones, making false claims with respect to the Headphones, and breaching warranties respecting the Headphones) is the same for all Class Members. Typicality requires nothing more.

*Adequacy of Representation*. Finally, Rule 23(a)(4) requires that the named plaintiff, who seeks to be a class representative, "will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*,

150 F.3d at 1020. In this case, there is no evidence of any conflicts of interest. Further, Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff has prosecuted, and continues to prosecute, this action vigorously. Therefore, the interests of the Class Members have been fairly and adequately protected.  *Am. Goldenberg Decl.*, ¶10.

### 2.    The Settlement Class satisfies the requirements of Rule 23(b)(3).

Class certification is appropriate under Rule 23(b)(3) when "questions of law or fact common to the members of the class predominate over any question affecting only individual members, and … a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Both requirements are satisfied here.

The first requirement is that "[c]ommon issues predominate over individual issues" meaning "the common issues represent a significant aspect of the case and they can be resolved for all members of the class in a single adjudication." *Edwards v. First Am. Corp.*, 798 F.3d 1172, 1182 (9th Cir. 2015) (internal quotes omitted).  In this case, a common overarching issue is whether Plantronics engaged in unfair, unconscionable, or deceptive trade practices by selling and marketing defective Headphones. Plaintiff asserts that liability can be determined on a class wide basis because there is a single common issue which drives the litigation. In other words, the predominance requirement is satisfied because "[Defendant] perpetrated the same fraud in the same manner against all Class Members." *In re Chrysler-Dodge-Jeep Ecodiesel Litig.*, 2019 WL 536661, at *7.

The second requirement is that class settlement must be superior to other means of resolution. Fed.R.Civ.P. 23(b)(3). Superiority focuses on "whether maintenance of [the] litigation as a class action is efficient and whether it is fair." *Volkswagen*, 2017 WL 672820, at *8. *See, e.g., Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996) (holding that a class action may be superior

13

where "classwide litigation of common issues will reduce litigation costs and promote greater efficiency…"). Here, the amount of recovery is relatively small and unlikely to be pursued by individuals. Because "litigation costs would dwarf potential recovery," a class action and a class settlement are the superior means of adjudicating this matter. *Hanlon*, 150 F.3d at 1022.

Manageability under Rule 23(b)(3) also is not an issue as there will be no trial. *See Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial."); *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 335 (3d Cir. 2011) (similar); *In re Chrysler-Dodge-Jeep Ecodiesel Litig.*, 2019 WL 536661, at *7 (similar).

Since Rule 23(a) and (b)(3) are satisfied, the Court should certify the Class for final approval.

**B. Notice to Class Members was Reasonable and Adequate.**

"A binding settlement must provide notice to the class in a 'reasonable manner' and otherwise be 'fair, reasonable, and adequate.'" *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 567 (9th Cir. 2019); *see also Mendoza*, 2017 WL 342059, at *5 ("The class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice."). Actual notice is not required, but the notice must "apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mendoza*, 2017 WL 342059, at *5.

Here, the Court already determined that the notice plan satisfies "the requirements of Fed. R. Civ. P. 23 and due process," and constitutes the "best notice practicable under the circumstances" and "due and sufficient notice to all persons entitled to notice." Preliminary Approval Order, ¶10. The Parties and A.B. Data have followed the approved notice procedures. Suppl. Schachter Decl.

PLAINTIFF'S NOTICE OF MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT
5:18-cv-05626-NC

Importantly, the Parties previously implemented the Court's suggested changes to the content of the notice to ensure compliance with Rule 23(c)(2)(B) and the Northern District's Guidelines.

### C.  The Settlement is fair, adequate, and reasonable.

Before the 2018 amendments, Rule 23(e)(2) required that the court approve a class action settlement "only after a hearing and on finding that it is fair, reasonable, and adequate." Because the rule was silent as to what factors courts should consider, courts developed their own individual tests, with some judicial circuits adopting a dozen or more factors. In the Ninth Circuit, courts have traditionally considered (1) the strength of the case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status through trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental entity; and (8) the reaction of the class members. *See, e.g., Hanlon*, 150 F.3d at 1026.

However, Rule 23 was recently amended to provide a simpler and more uniform approach. The new language in Rule 23(e)(2) sets forth foundational considerations that courts are now directed to utilize when considering whether to approve a settlement. These factors include whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
> > (i) the costs, risks, and delay of trial and appeal;
> > (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
> > (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
> > (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Fed.R.Civ.P. 23(e)(2). According to the official advisory committee notes, the goal of this amendment is not to displace any factor, but rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal.

### 1. Adequate Representation of the Class

The first factor asks whether "the class representatives and class counsel have adequately represented the class." Fed.R.Civ.P. 23(e)(2)(A). As previously discussed in connection with the preliminary approval analysis, there is nothing in the record to suggest any conflicts of interest between Plaintiff, Counsel, or the Class Members. *Quinn Decl*. [ECF No. 70-11], ¶7. Moreover, Plaintiff and Counsel are committed to prosecute this action vigorously. *Am. Goldenberg Decl*., ¶10. Accordingly, this factor weighs in favor of preliminary approval.

### 2. Arm's-Length Negotiation

The second factor asks whether "the [settlement] proposal was negotiated at arm's length." Fed.R.Civ.P. 23(e)(2)(B). Here, the Parties arrived at the settlement Agreement after multiple rounds of negotiations overseen by sn experienced and respected mediator. *Id.* at ¶6; *Quinn Decl*., ¶9; *See O'Connor v. Uber Techs., Inc*., 2019 WL 1437101, at *7 (N.D. Cal. Mar. 29, 2019) (arm's-length factor weighed in favor of preliminary approval where settlement was reached with assistance of experienced mediators); *Nielson v. The Sports Auth*., No. C 11-4724-SBA, 2013 WL 3957764, at *5 (N.D. Cal. July 29, 2013) ("[T]he settlement resulted from non-collusive negotiations; i.e., a mediation before Mark Rudy, a respected employment attorney and mediator."). Moreover, as discussed above, the Parties have conducted extensive informal discovery and sharing of information regarding the design, development, and testing of the Headphones. *Am. Goldenberg Decl., ¶¶6, 12.* Having analyzed the information furnished by Defendant, consulted with an expert who conducted

16

testing of the Headphones, and carefully scrutinized the terms of the proposed Settlement, Class Counsel and Plaintiff believes it is fair, adequate, and reasonable. *Id.* at ¶13; *See Hanlon*, 150 F.3d at 1027 (recognizing that courts should give "proper deference to the private consensual decision of the parties").[14]  Accordingly, this factor also weighs in favor of approval.

### 3. Relief Provided to Class

The next factor considers whether "the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." Fed.R.Civ.P. 23(e)(2)(C).

*Costs, Risks, and Delay of Trial and Appeal.* Given the circumstances, it is difficult to predict the precise range and likelihood of class-wide recovery had this case proceeded to a litigated outcome. Although Plaintiff remains confident in his ability to prevail, Plantronics presented substantial defenses. According to Plantronics, among other defenses, the Headphones are not defective, it fully complied with the Headphones' limited warranty, and Plaintiff has not been damaged or harmed.

Moreover, regardless of the result at trial (assuming Plaintiff's claims survived Defendant's pending motion to dismiss), a lengthy and expensive trial and appeals process would be expected. Absent settlement, Plantronics certainly could appeal any significant damages award on numerous grounds, including liability, the propriety of adjudicating liability and damages on a class-wide basis, and the method used to calculate damages. Likewise, it is certainly possible that trial or appeal would result in no recovery or substantially reduced damages for the Class. There are inherent risks facing

---

[14] Mediator Quinn agrees that this Settlement is fair, adequate and reasonable.  *Quinn Decl.,* ¶10.

17

PLAINTIFF'S NOTICE OF MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT
5:18-cv-05626-NC

the Class and the very real potential for recovering little or nothing. "[T]he very essence of a settlement is compromise." *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Fran.*, 688 F.2d 615, 624 (9th Cir. 1982) (citation omitted). Accordingly, "[t]he fact that a proposed settlement may only amount to a fraction of the potential recovery does not, in and of itself, mean that the proposed settlement is grossly inadequate and should be disapproved." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) (citation omitted).

*Method of Distributing Relief to the Class*. The Settlement Agreement provides a straightforward process for distributing the Settlement benefits. A.B. Data provided mailed or electronic notice to every Class Member whose home address or email address was identified from Plantronics' records or the records of the 10 largest third-party retailers. A.B. Data estimates that direct notice has been provided to more than 650,000 Class Members. *See* Suppl. Schacter Decl., ¶¶3-5  And, A.B. Data has launched a media notice campaign (82 million impressions), a website (98,160 visitors), and a toll-free telephone number (654 callers). *See* Suppl. Schachter Decl., ¶¶6-8.

Class Members who purchased Headphones on or after January 1, 2018, will receive a 12-month limited warranty extension in lieu of filing a claim for cash benefits. These Class Members (approximately 300,000 Class Members purchased their Headphones on or after January 1, 2018) do not need to submit a Claim Form to qualify for the Extended Limited Warranty, and if they submit a warranty claim will receive the newly designed BackBeat FIT 2100 wireless sport headphones valued at $99.99 (https://www.plantronics.com/us/en/product/backbeat-fit-2100).

Alternatively, Class Members can opt to submit a claim for cash payment. If the Class Member submits a valid claim supported by (1) proof of purchase and (2) an attestation that their Headphones experienced a battery or moisture issue, he or she will receive a $25 cash payment. Proof

18

Case 5:18-cv-05626-NC    Document 87    Filed 12/06/19    Page 26 of 33

of purchase can be satisfied by the Class Member submitting evidence (e.g., a receipt) or by purchase information obtained by Class Counsel from third party retailers (e.g., Amazon, Best Buy) or Plantronics. A.B. Data will review all claims, as necessary, to determine whether the information obtained from third-party retailers satisfies the proof of purchase requirement. Class Members who purchased multiple sets of Headphones can receive up to two $25 payments. Class Members who previously received a set of Replacement Headphones are limited to one $25 payment.

Class Members who satisfy the requirements for a $25 payment, but who can further provide evidence that he or she spent the time to make a contemporaneous written complaint regarding the Headphones' batteries, are eligible to receive a larger, $50 cash payment. The prior written claim or complaint must have been made prior to the date Plaintiff filed the original complaint (September 12, 2018). Agreement, § 6.6.1(c). The complaint must relate to a failure or malfunction of the Headphones consistent with the allegations in the Complaint regarding battery or moisture issue. For example, a general negative review on Amazon.com or Plantronics.com would not suffice, but a negative review that specifically references a battery charging issue consistent with the allegations in the Complaint would suffice.[15] The proposed method of distributing relief to the Class under the Settlement Agreement is reasonable and designed to encourage Class Members to file claims.

*Attorneys' Fee*s. Under the Agreement, Plantronics has agreed to pay, subject to Court approval, Plaintiff's attorneys' fees and expenses of up to a maximum of $650,000. The Parties negotiated and reached agreement on the attorneys' fees and expenses only after reaching agreement on all other material terms of Settlement. *Am. Goldenberg Decl.*, ¶8; *Quinn Decl.,* ¶7. Class Counsel

---

[15] Claims submitted for the $50 cash payment that do not satisfy the prior complaint standard automatically will be evaluated by the Settlement Administrator for the $25 cash payment.

19

PLAINTIFF'S NOTICE OF MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT
5:18-cv-05626-NC

requests approximately $608,000 in attorneys' fees and reimbursement for approximately $42,000 in expenses, for a combined award of $650,000.   *See* ECF No. 85.  Class Counsel's lodestar as of October 31, 2019 was $743,099. *See Goldenberg Decl.* [ECF No. 85-1], ¶10; Shaw Decl. [ECF No. 85-4], ¶10; Finney Decl. [ECF No. 85-10], ¶21; Coates Decl. [ECF No. 85-7], ¶10. Thus, the requested fee will result in a negative multiplier of 0.82.[16]  And that calculation does not account for time Class Counsel has spent and will continue to spend seeking final approval, handling questions from Class Members, supervising the Settlement Administrator, and attending the fairness hearing.

As for the timing of the fees, the Agreement requires Plantronics to pay the fees within 10 days following the Effective Date[17] or following the entry of a final, non-appealable order awarding fees or service awards, whichever is later. Agreement § 10.5. *See, e.g., Zamora Jordan v. Nationstar Mortg., LLC*, No. 2:14-CV-0175-TOR, 2019 WL 1966112, at *5 (E.D. Wash. May 2, 2019) (factor weighs in favor of approving settlement where fees "will be paid only after the Settlement is finally approved by the Court, the time for any appeal has elapsed, or any appeal has been resolved, and the Settlement has taken effect"). This factor too supports granting final approval.

*Any agreement required to be identified under Rule 23(e)(3).* Rule 23(e)(3) requires Parties seeking approval to file a statement identifying "any agreement made in connection with the settlement."  This requirement is directed "at related undertakings that, although seemingly separate, may have influenced the terms of the settlement by trading away possible advantages for the class in

---

[16] Subtracting $42,210.24 in expenses from $650,000 leaves $607,789.76 for Class Counsels' fees. $607,789.76 divided by Class Counsel's $743,099 lodestar results in a negative multiplier of 0.82.
[17] "Effective Date" means the first date that is three (3) business days after all the following have occurred: (a) the Court has entered an order granting final approval of the Settlement in accordance with the terms of this Agreement; (b) the time for any challenge to the Settlement, both in the Court and on appeal, has lapsed; and (c) the Settlement has become final, either because no timely challenge was made to it or because any timely challenge has been finally adjudicated and rejected in such a manner as to affirm the Final Approval Order approving the Settlement. Agreement § 3.15.

PLAINTIFF'S NOTICE OF MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT
5:18-cv-05626-NC

return for advantages for others. Doubts should be resolved in favor of identification." Committee Note to the 2003 amendments to Rule 23. Class Counsel states that no ancillary agreements exist outside the terms of the Amended Agreement and the Memorandum of Understanding, both of which have been provided to the Court. *Am. Goldenberg Dec.*, ¶8.  This factor too weighs in favor of granting preliminary approval.

4.  <u>Equitable Treatment of Class Members.</u>

The Settlement does not improperly grant preferential treatment to certain segments of the Class. All Class Members whose claim satisfies the proof of purchase requirement and attest under penalty of perjury that they experienced battery or moisture problems with their Headphones are eligible to receive $25. Those Class Members whose claim also establishes that they previously complained of the battery or moisture problems are eligible to receive $50. *Cf. In re MyFord Touch Consumer Litig.*, No. 13-CV-03072-EMC, 2019 WL 1411510, at *11 (N.D. Cal. Mar. 28, 2019) ("Under the claims process, Class Members who sought more repairs receive a greater recovery because the number of repair attempts serves as a proxy for the seriousness of their MFT defects."). And those Class Members who only recently purchased the Headphones (since January 1, 2018) and therefore may not yet have experienced battery or moisture problems are provided the option to receive the Extended Warranty protecting against the risk that the Headphones will experience these issues in the future.[18]  In other words, variation in awards primarily turns on the relative strength or weakness of the evidence supporting each Class Member's claim for damages.

---

[18] Class Members who seek replacement headphones pursuant to the Extended Warranty shall receive newly designed Plantronics Backbeat FIT 2100 wireless sport headphones. *Am. Goldenberg Dec.*, ¶9.

PLAINTIFF'S NOTICE OF MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT
5:18-cv-05626-NC

Plantronics has agreed, subject to Court approval, to pay Plaintiff a Service Award of $5,000. "[T]he Ninth Circuit has recognized that service awards to named plaintiffs in a class action are permissible and do not render a settlement unfair or unreasonable." *Harris v. Vector Mktg. Corp.*, No. C-08-5198-EMC, 2011 WL 1627973, at *9 (N.D. Cal. Apr. 29, 2011). Moreover, Courts agree that $5,000 is a reasonable amount for a service award. *Id.* at *7. ("[I]ncentive payments of $10,000 or $25,000 are quite high and ... as a general matter, $5,000 is a reasonable amount."). Plaintiff Shin has devoted significant time and effort to this case, including communicating with Class Counsel, providing documents to Class Counsel, reviewing the class action complaints, assessing and discussing the mediation process and progress, and preparing declarations to support approval of this Settlement. Accordingly, this factor too weighs in favor of granting preliminary approval. *See In re MyFord Touch Consumer Litig.*, 2019 WL 1411510, at *12 (equitable treatment of class members factor weighs in favor of preliminary approval even though named plaintiffs sought service awards of $9,000).

### D. Class Members' Response Weighs in Favor of Granting Final Approval

One of the factors typically considered in determining the reasonableness of a settlement is the reaction of the class. Here, more than 650,000 notices were sent directly to Class Members. The fact that not a single Class Member has filed a valid, timely objection strongly suggests that the Settlement is fair. *See In re ECOtality, Inc. Sec. Litig.*, 2015 WL 5117618, at *3; *Nat'l Rural Telecom. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."); *Brewer v. Salyer*, 2017 WL 2813178, at *4 (E.D. Cal. June 29, 2017) (similar). Although serial

22

1

2

objector[19] Troy Scheffler purports to object to the Settlement, his objection should be rejected by the

Court as procedurally defective and substantively meritless. *See* Scheffler Objection [ECF No. 86].

3

As a threshold matter, the Scheffler objection was not "filed or delivered to the Court by November

4

22, 2019." Preliminary Approval Order, ¶22. Instead, it was sent to A.B. Data on November 26,

5

2019 and filed with the Court on December 2, 2019.[20]  *See* Preliminary Approval Order, ¶22 ("No

6

7

person shall be heard or entitled to contest such matters unless that person files a written request

8

with the Court…. The Class Member's written request must be filed or delivered to the Court by

9

**November 22, 2019**."). The Court need not consider the merits of objectors' untimely arguments.

10

*See In re TFT-LCD (Flat Panel) Antitrust Litig*., 2011 WL 7575004 (N.D. Cal. Dec. 27, 2011)

11

("His objection herein is untimely…. On that basis alone, the Court refuses to consider the

12

13

objection."); *id*. (citing cases).  *See also In re Yahoo Mail Litig*., 2016 WL 4474612, at *7 (N.D.

14

Cal. Aug. 25, 2016) (Similar).   Nor did Mr. Scheffler's objection include the serial number of his

15

Headphones, when he purchased them, or an email address, as required by the Agreement.  *See*

16

Agreement, ¶8.12 ("Class Members who fail to make objections in the manner specified in … this

17

18

Section will be deemed to have waived any objections and will be foreclosed from making any

19

objection to the Settlement").  Accordingly, Mr. Scheffler's objection is deficient and improper.

20

21

22

[19] In addition to filing unsuccessful objections in four cases identified in his objection, it appears that Mr. Scheffler recently developed an interest in filing meritless *pro se* actions. *See Scheffler v. City of New Hope*, No. 18-cv-1690, 2019 WL 2053994 (D. Minn. May 9, 2019) (dismissing Mr. Scheffler's *pro se* complaint asserting "seventeen causes of action arising under the common law and Minnesota and U.S. constitutions" based on alleged wrongs committed by city and judicial officers during "expungement proceedings" for an $145 speeding ticket); .*Scheffler v. Alltran Financial, LP*, No. 18-415 (DWF/LIB), 2019 WL 93390 (D. Minn. Jan. 3, 2019) (dismissing *pro se* Fair Debt Collection Practices Act filed by Mr. Scheffler).

23

24

25

[20] Curiously, although the objection received by A.B. Data is clearly postmarked "November 26, 2019," Suppl. Schachter Decl., Exh. C, the certificate of service filed with the Court – which purports to have been signed by an unknown third party, "John Hoyt," on "11/22/2019" – certifies that the objection was mailed on "11/22/2019."

26

27

28

PLAINTIFF'S NOTICE OF MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT
5:18-cv-05626-NC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mr. Scheffler's objection also fails on the merits.  First, Mr. Scheffler asserts that the Settlement is inequitable because Class Members opting for cash payments will receive varying percentages of their original purchase prices, because Class Members paid different amounts for their Headphones. Scheffler Objection, p. 2.  But Mr. Scheffler cites no authority for such a proportionality requirement, which is not surprising because there is none.  Indeed, such a requirement would dramatically increase settlement administration costs and make it virtually impossible to settle consumer class actions due to innumerable variations in consumer product purchase prices across numerous retail channels over time.  Paying similar amounts to members of a settlement class regardless of their actual purchase price is common even within this District and is the most efficient and practicable means of compensating class members in consumer class actions such as this.  *See generally In re Chrysler-Dodge-Jeep Ecodiesel Litig*., No. 3:17-md-2077-EMC, 2019 WL 2554232 (N.D. Cal. May 3, 2019) (insert cases) (granting final approval of fixed settlement payments to current or previous vehicle owners and lessees without consideration for the individual purchase price of each vehicle in an automobile defect case*); In re Chrysler-Dodge-Jeep Ecodiesel Litig*., Doc. No. 508-1 (Jan. 1, 2019) (Exhibit identifying the "Class Member Benefits" to include a set payment of $3,075 for current vehicle owners, $2,460 for current vehicle owners where the previous vehicle owner also submitted a claim for settlement benefits, $990 for previous vehicle owners, and $990 current and previous vehicles lessees without consideration for the individual purchase price of each vehicle).

Mr. Scheffler's second argument -- that the Settlement is "unconscionable" because Class Members who took the time to complain about the Headphones' batteries before this suit was filed are eligible for a larger payment than those who did not – fares no better. See Scheffler Objection, p.

24

PLAINTIFF'S NOTICE OF MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT
5:18-cv-05626-NC

3 ("Those that live their life with amble [sic] time to complain to strangers online get compensated more than those that got hit with a class notice…."). The Settlement was designed to reimburse Class Members for time spent trying to address their Headphones' battery or moisture issues prior to the filing of the lawsuit and the resulting publicity of the alleged issues and litigation. Thus, it provides additional compensation to Class Members whose claim is supported by evidence of such efforts. Courts recognize this as a valid basis to support larger payments to certain class members. See, e.g., *In re Premera Blue Cross Customer Data Sec. Breach Litig.,* No. 3:15-md-2633-SI, 2019 WL 3410382, at *22 (D. Or. July 29, 2019) (granting preliminary approval to class action settlement providing default payment of $50 per class member plus additional compensation for those who submit documentation of time spent as a result of defendant's alleged misconduct); *In re MyFord Touch Consumer Litig.,* 2019 WL 1411510, at *1 (granting preliminary approval to class action settlement that provides $55 default payment plus additional compensation if evidence is submitted demonstrating that claimant experienced vehicle software malfunctions or spent time seeking software repairs). The Court should overrule Mr. Scheffler's objection.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant final approval.

Dated: December 6, 2019

By:  */s/ Jeffrey S. Goldenberg*
Jeffrey S. Goldenberg
Todd B. Naylor
Goldenberg Schneider, L.P.A.
One West 4th Street, 18th Floor
Cincinnati, OH 45202
Telephone: (513) 345-8291
Fax: (513) 345-8294
jgoldenberg@gs-legal.com
tnaylor@gs-legal.com

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ronald S. Kravitz (SBN 129704)
James C. Shah (SBN 260435)
Shepherd, Finkelman, Miller & Shah, LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (415) 429-5272
Facsimile: (866) 300-7367
rkravitz@sfmslaw.com
jshah@sfmslaw.com

W.B. Markovits
Paul M. DeMarco
Justin C. Walker
Terence R. Coates
Markovits, Stock & DeMarco LLC
3825 Edwards Road, Suite 650
Cincinnati, OH 45209
Telephone: (513) 665-0200
Fax: (513) 665-0219
bmarkovits@msdlegal.com
pdemarco@msdlegal.com
jwalker@msdlegal.com
tcoates@msdlegal.com

26

PLAINTIFF'S NOTICE OF MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT
5:18-cv-05626-NC