UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHIL SHIN,<br><br>    Plaintiff,<br><br>    v.<br><br>PLANTRONICS, INC.,<br><br>    Defendant. | Case No. 18-cv-05626-NC<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 85 |

In this consumer class action, plaintiff Phil Shin represented a class of headphone buyers against defendant Plantronics, Inc., alleging that Plantronics's BackBeat FIT wireless headphones did not work as advertised. After Plantronics moved to dismiss, the parties reached a settlement. In a separate order, the Court granted final approval of the settlement. Here, the Court addresses Class Counsel's request for attorneys' fees and the class representative's service award.

**I. Legal Standard**

When a class action settlement awards attorneys' fees, the fee award must be evaluated in the overall context of the settlement. *Knisley v. Network Assocs.*, 312 F.3d 1123, 1126 (9th Cir.2002). The court "ha[s] an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headsets Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).

The lodestar method is often used to calculate reasonable attorneys' fees in class actions without a common fund. *See, e.g.*, *Schuchardt v. Law Office of Roy W. Clark*, 314 F.R.D. 673, 688 (N.D. Cal. 2016). Although the lodestar figure is generally presumed to be a reasonable fee award, a district court "may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Id.* (internal citation and quotation marks omitted). *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar is calculated by multiplying the number of hours reasonably expended by the prevailing party by a reasonable hourly rate. *Bluetooth*, 654 F.3d at 941. Then, the district court may adjust the lodestar by an appropriate multiplier to reflect "reasonableness factors, including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *Id.* at 941–42 (internal quotation marks and citation omitted).

## II. Discussion

### A. Reasonableness of Attorneys' Fees and Expenses

Class Counsel seek $650,000, inclusive of $42,210.24 in costs. *See* Dkt. No. 85. Class Counsel estimates their lodestar at $743,099. *See id.* at 11. Class Counsel calculated their lodestar by multiplying the number of hours expended in this litigation—1,427.9 hours—with hourly rates for attorneys and staff across four firms ranging from $125 for legal assistants to $850 for senior attorneys. *Id.* at 10–11. The requested award therefore represents a negative lodestar of approximately 0.8.

The Court finds that the requested hourly rates are reasonable and reflect Class Counsel's experience. The rates are also well within rates approved by other courts in this district. *See, e.g.*, *Superior Consulting Servs., Inc. v. Steeves-Kiss*, No. 17-CV-06059-EMC, 2018 WL 2183295, at *5 (N.D. Cal. May 11, 2018).

However, the Court is not persuaded by the number of hours purportedly expended by Class Counsel. As explained above, this class action settled remarkably early—before the Court even ruled on Plantronics's motion to dismiss. Although Class Counsel certainly engaged in informal discovery and extensive preparations for settlement, no formal

2

discovery was taken and there was almost no adversarial motion practice over the course of this litigation. The Court is not convinced that Class Counsel's use of 1,427.9 hours across four law firms, 16 attorneys, and eight supporting staff represents a *reasonable* expenditure of time.

Review of Class Counsel's supporting declarations reinforce this view. Class Counsel's declarations record hours spent on investigation, discovery, motion practice, legal research, case conferences/strategy, mediation, travel, settlement, and "other." *See, e.g.*, Dkt. No. 85-2. Although counsel did not provide detailed time records, a broad overview of the declarations plainly show that the hours expended are not reasonable.

For example, Goldenberg Schneider, LPA reported spending 191.90 hours on motion practice (including hearings) and 31.20 hours on legal research. *See* Dkt. No. 85-2. Shepherd, Finkelman, Miller & Shah, LLP reported spending 23.30 hours on motion practice and 4.80 hours on legal research. *See* Dkt. No. 85-5. Markovits, Stock & DeMarco LLC reported spending 30.1 hours on motion practice and 74.1 hours on legal research. *See* Dkt. No. 85-8. And Finney Law Firm reported spending 36.1 hours on motion practice and 36.5 hours on legal research. *See* Dkt. No. 85-11. This amounts to a total of 281.4 hours on motion practice and 146.6 hours on legal research. The only substantive motion practice in this lawsuit, however, was a single motion to dismiss, three unopposed motions for settlement approval, and the instant motion for attorneys' fees. In essence, Class Counsel purportedly billed over 400 hours to draft and compile five briefs—three of which were relatively formulaic motions for settlement approval. *Cf. Eric B. Fromer Chiropractic, Inc. v. N.Y. Life Ins. & Annuity Corp.*, No. 15-cv-04767-AB (JCx), 2017 U.S. Dist. LEXIS 155506, at *6–8, 11–15 (C.D. Cal. Sept. 22, 2017) (finding that hours billed for preparing an opposition to a motion to dismiss and settlement approval motions were excessive). And in light of Class Counsel's decades of experience, such routine motion practice should not require so many hours.

Likewise, Class Counsel also reported spending a combined total of 251 hours for strategy conferences. *See* Dkt. Nos. 85-2, 85-5, 85-8, 85-11. The relatively short duration

of this lawsuit and the dearth of substantial litigation do not reasonably warrant such significant expenditures of time. In short, the lodestar is unreasonable.

Accordingly, the Court reduces all hours by 30 percent as detailed in the chart below:

| Timekeeper | Hourly Rate | Hours Billed | Adjusted Hours | Adjusted Lodestar |
|---|---|---|---|---|
| Jeffrey Goldenberg | $650 | 382.5 | 267.8 | $174,070.00 |
| Todd B. Naylor | $600 | 18.9 | 13.2 | $7,920.00 |
| Robert Sherwood | $550 | 194.2 | 135.9 | $74,745.00 |
| Cheryl Pence | $125 | 52.1 | 36.5 | $4,562.50 |
| Stephanie Vaaler | $150 | 50.2 | 35.1 | $5,265.00 |
| James Shah | $850 | 105.3 | 73.7 | $62,645.00 |
| Ronald Kravitz | $750 | 0.9 | 0.6 | $ 450.00 |
| Nathan Zipperian | $700 | 1.0 | 0.7 | $ 490.00 |
| Chiharu Sekino | $200 | 0.8 | 0.6 | $ 120.00 |
| Sue Moss | $200 | 3.5 | 2.5 | $ 500.00 |
| Christine Mon | $200 | 5.2 | 3.6 | $ 720.00 |
| Alexa White | $200 | 8.4 | 5.9 | $1,180.00 |
| Bill Markovits | $700 | 124.5 | 87.2 | $61,040.00 |
| Louise Roselle | $700 | 3.4 | 2.4 | $1,680.00 |
| Christopher Stock | $650 | 0.1 | 0.1 | $ 65.00 |
| Terence Coates | $530 | 36.2 | 25.3 | $13,409.00 |
| Justin Walker | $530 | 47.6 | 33.3 | $17,649.00 |
| Zachary Schaengold | $375 | 39.4 | 27.6 | $10,350.00 |
| Dylan Gould | $300 | 6.8 | 4.8 | $1,440.00 |

///

///

///

4

| | | | | |
|---|---|---|---|---|
| Diane Pendygraft[1] | $150 | 1.2 | 0.8 | $ 120.00 |
| Laura Linneman | $150 | 12.0 | 8.4 | $1,260.00 |
| Jenna Pottschmidt | $150 | 41.3 | 28.9 | $4,335.00 |
| Justin Walker | $500 | 184.9 | 129.4 | $64,700.00 |
| Laura Linneman | $150 | 62.6 | 43.8 | $6,570.00 |
| **Total Adjusted Lodestar** | | | | **$515,285.50** |

District courts are encouraged to cross-check attorneys' fees calculations against a second method "to guard against an unreasonable result." *Bluetooth*, 654 F.3d at 944. In fee-shifting cases like this one, however, a percentage cross-check is less useful. *See Congdon v. Uber Techs., Inc.*, No. 16-cv-02499-YGR, 2019 WL 2327922, at *3 (N.D. Cal. May 31, 2019); *see also Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160, 1171 (C.D. Cal. 2010) ("[W]hile the Court has discretion to perform a 'cross-check' against the total class recovery, it is not required."). A cross-check is particularly difficult here because the parties have yet to determine the precise breakdown of class members' submitted claims.

In any case, the total monetary value of the class's recovery ranges from $1,247,425 to $2,494,850.[2] Applying the Ninth Circuit's 25% benchmark yields an attorneys' fees recovery range of $311,856.25 to $623,712.5. *See In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 109 F.3d 602, 607 (9th Cir. 1997) ("It is reasonable for the district court to compare the lodestar fee, or sum of lodestar fees, to the 25%

---

[1] There is a discrepancy between Ms. Pendygraft's billed hours in Markovits, Stock & DeMarco, LLC's supporting exhibit and as reported in Class Counsel's motion. *Compare* Dkt. No. 85 at 10 *with* Dkt. No. 85-8. In the motion, Ms. Pendygraft purportedly billed 46.1 hours (*see* Dkt. No. 85 at 10), but the supporting exhibit lists only 1.2 hours and instead attributes 44.9 hours to unnamed "Paralegal Support" (*see* Dkt. No. 85-8). Because the 44.9 hours are inadequately supported, the Court will only consider the 1.2 hours specifically attributed to Ms. Pendygraft.

[2] Class Counsel reports that the settlement administrator has received 49,897 claims. *See* Dkt. No. 95-1 at 2. The low end was calculated by assuming each claim is a valid claim for the $25 cash payout, while the high end was calculated by assuming each claim is a valid claim for the $50 cash payout. If any claim is a valid claim for the extended warranty, the monetary value of the class' recovery would be lower. *See* Dkt. No. 85 at 16 (Class Counsel opining that the extended warranty is worth approximately $10).

5

benchmark, as one measure of the reasonableness of the attorneys' hours and rates."). The Court's reduced lodestar falls in the upper end of that range.

The Court further finds that a lodestar multiplier is not warranted. This is not one of the "rare" and "exceptional" cases that warrant a multiplier. *Van Gerwen v. Guarantee Mut. Life Ins. Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). While the results achieved for the class were significant, the issues in this case are not novel or complex. Likewise, given the early settlement, the merits of the class's claims had not yet been tested. Thus, the Court adjusts Class Counsel's lodestar to $515,285.50 and declines to apply a multiplier.

Including Class Counsel's request for $42,210.24 in litigation expenses (*see* Dkt. No. 85-3, 85-6, 85-9, 85-12), the Court awards Class Counsel a total of **$557,495.74** in attorneys' fees and costs.

## B. Service Award

Class representative awards or service awards "are discretionary . . . and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958–959 (9th Cir. 2009). In making the discretionary determination whether to grant such an award, the district court considers relevant factors including "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . [and] the amount of time and effort the plaintiff expended in pursuing the litigation." *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003).

Here, Shin requests a service award of $5,000. *See* Dkt. No. 85 at 18–19. Shin actively participated in this case (*see* Dkt. No. 85-13 ¶ 3) and the Court agrees that his participation merits a service award.

The Court finds that Shin's requested award $5,000 is reasonable and appropriate compensation for the work and risk undertaken by spearheading this litigation as class representatives. *See*, *e.g.*, *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir.

6

2000) (approving $5,000 to two plaintiff representatives of 5,400 potential class members in $1.75 million settlement); *Hopson v. Hanesbrands, Inc.*, No. 08-cv-0844-EDL, 2009 WL 928133, at *10 (N.D. Cal. Apr. 3, 2009) (approving $5,000 award to one member of 217-member class from $408,420 settlement amount).

### III. Conclusion

The Court GRANTS IN PART Shin's motion for attorneys' fees. The Court awards Class Counsel **$557,495.74** in fees and costs. The Court also awards Shin a service award of **$5,000**.

**IT IS SO ORDERED.**

Dated: January 31, 2020

_____
NATHANAEL M. COUSINS
United States Magistrate Judge