UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHIL SHIN,

    Plaintiff,

v.

PLANTRONICS, INC.,

    Defendant.

Case No. 18-cv-05626-NC

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Re: Dkt. No. 87

Before the Court is plaintiff Phil Shin's motion for final approval of a proposed class action settlement between defendant Plantronics, Inc. and a class of Plantronics headphone purchasers. *See* Dkt. No. 87. Shin also moves for attorneys' fees. The Court will address the attorneys' fees motion in a separate order. The terms of the settlement are set forth in the amended Settlement. *See* Dkt. Nos. 70-1, 70-2. Because the Settlement is fair, reasonable, and adequate, the Court GRANTS final approval of the settlement.

**I. Background**

    **A. Factual and Procedural Background**

Shin accuses defendant Plantronics, Inc. of selling defective BackBeat FIT wireless headphones ("Headphones"), marketing them as "sweatproof" and "waterproof" when they are not. *See* Dkt. No. 35 ("FAC") ¶¶ 1–3, 11. In 2018, Shin brought this class action lawsuit bringing various consumer class claims. *See id.*

The parties settled on March 28, 2019, and Shin filed a motion for preliminary approval on May 24, 2019. *See* Dkt. Nos, 49, 50, 57. On July 31, 2019, Shin moved for preliminary approval of their amended class action settlement. *See* Dkt. No. 70; *see also* Dkt. No. 70-1 ("Settlement"). The Court granted preliminary approval of the amended settlement on August 13, 2019. *See* Dkt. No. 75.

### B. Amended Settlement Agreement

The Settlement seeks to settle claims for a proposed settlement class of "all Persons domiciled within the United States and its territories who purchased at retail the Headphones . . . during the period of time from April 1, 2014 through the Notice Date." *See* Settlement § 3.8.

Class members are entitled to one of three alternative remedies. *See id.* § 6. Alternative 1 is an extended limited warranty that runs from the effective date of the Settlement. *See id.* § 6.2. This alternative is limited to class members who purchased Headphones after January 1, 2018. *Id.* Under the extended warranty, class members may receive a functional replacement[1] if their Headphones suffers from a battery, battery charging, battery performance, waterproofing, moisture, or sweat-proofing issue. *Id.* §§ 6.2(b), 6.4. Alternative 2 is a $50 cash payment. *See id.* § 6.6.1. To qualify for this alternative, class members must provide proof of purchase and evidence that they had previously complained to Plantronics that their Headphones did not function properly due to a battery, battery charging, battery performance, waterproofing, moisture, or sweat-proofing issue. *Id.* § 6.6.1(b), (c). Alternative 3 is a $25 cash payment. *See id.* § 6.6.2. Under this alternative, class members must provide proof of purchase and only need to attest that their Headphones malfunctioned or failed to work properly due to a battery, battery charging, battery performance, waterproofing, moisture, or sweat-proofing issue. *Id.* § 6.6.2(b), (c).

---

[1] The replacement headphones are not identical to the Headphones at issue; they "are a new design and utilize batteries from a different manufacturer than the Headphones that are the subject of this litigation." *See* Dkt. No. 57-7 ("Goldenberg Decl.") ¶ 9.

2

In return, class members who do not opt out of the settlement agree to release all claims relating to "the Headphones' battery, battery performance, ability to retain a charge, or the Headphones' resistance to water, moisture, or sweat" and Plantronics's advertising relating to the Headphones. *Id.* § 11.1. Other claims are not waived. *Id.* § 11.2.

Under the Settlement, the Settlement Administrator is responsible for providing notice. *See id.* § 7. A full Settlement Notice and Short Form Notice was sent to individuals who purchased or registered their Headphones from Plantronics, and reasonably identifiable individuals who purchased the Headphones from third parties. *Id.* §§ 7.3(a), (b); *see also* Dkt. Nos. 70-8 (full Settlement Notice), 70-9 (Short Form Notices). Pursuant to the Settlement, Class Counsel subpoenaed third-party retailers for contact information for customers who purchased the Headphones. *Id.* § 7.3(d); *see also* Dkt. Nos. 72, 79, 80, 82, 83. In addition, the Settlement Administrator also published the Settlement Notice and currently maintains a website for class members to submit claims. *See* Settlement §§ 7.4, 7.5.

## II. Findings and Conclusions

As a threshold matter, this Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. §§ 1332(d) and 1453. All parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). *See* Dkt. Nos. 15, 19.

The Court will first discuss whether the settlement class should be certified. Then, the Court will address final approval of the proposed Settlement and Class Counsel's request for attorneys' fees, costs, and service awards. Finally, the Court will address the objections to the Settlement.

### A. Class Certification

The parties seek to certify a settlement class of:

> All Persons domiciled within the United States and its territories who purchased at retail Plantronics BackBeat FIT wireless headphones, version Genesis or 16M, between April 1, 2014 and September 16, 2019.

*See* Dkt. No. 87 at 11.

3

Federal Rule of Civil Procedure 23(a) permits class certification only if (1) the class is sufficiently numerous; (2) there are common questions of law or fact; (3) the class representative is typical of the class; and (4) the representatives are adequate. In a settlement-only certification context, the "specifications of the Rule . . . designed to protect absentees by blocking unwarranted or overbroad class definitions . . . demand undiluted, even heightened, attention[.]" *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). "Such attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold." *Id.*

Parties must also show that the class action is appropriate under Rule 23(b)(1), (2), or (3). Relevant here, Rule 23(b)(3) permits class certification if "questions of law or fact common to class members predominate over any questions affecting only individual members" and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The settlement class satisfies both Rule 23(a) and Rule 23(b)(3). Numerosity is met given that the proposed class has over one million members. *See* Dkt. No. 70-17 ¶ 9. Such a large class strongly suggests that a class action and class settlement are superior to other means of resolution. Commonality is also satisfied. There are common questions, for example, as to whether the Headphones are defective and whether Plantronics's representations were misleading. These common questions are central to this lawsuit and predominate over individual questions. Shin is also typical of the class because he purchased the allegedly defective Headphones and suffered the same injuries. There is also no indication that Class Counsel or Shin had any conflicts of interest with the class. Rather, Class Counsel and Shin's representation of the class was adequate.

Accordingly, the Court GRANTS class certification of the settlement class.

### B. Final Approval

Rule 23(e)(2) requires courts to "approve [class settlements] only after a hearing and only on finding that it is fair, reasonable, and adequate . . ." *See also Officers for*

4

*Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982) ("the universally applied standard is whether the settlement is fundamentally fair, adequate, and reasonable"). To make this evaluation, Rule 23(e)(2) requires courts to consider whether:

> (A) the class representative and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate . . . ; and
>
> (D) the proposal treats class members equitably relative to each other.

Courts in the Ninth Circuit specifically look to the eight *Churchill* factors:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the presence of a government participant; and (8) the reaction of the class members of the proposed settlement.

*Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004); *see also In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015). However, the "relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Justice*, 688 F.2d at 625. The determination of whether a proposed settlement is fair falls within the sound discretion of the district court. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

The first factor—the strength of Shin's case—is neutral. This lawsuit settled before the merits of Shin's claims could be tested.

Second, the risk, expense, complexity, and likely duration of further litigation weigh in favor of approval. As with most consumer class actions, discovery and motion

5

practice would be substantial, requiring months or years of further litigation. And although this case does not present especially novel or complex issues, managing a large consumer class could be complicated and expensive.

Third, the risk of maintaining class action status throughout the class action is unclear as a class had not yet been certified. The Court notes, however, that the Shin's class complaint outlines a putative class similar to the settlement class. This factor is therefore neutral.

Fourth, the Settlement provides significant relief to the class. Class members are entitled to either an extended warranty that allows them to replace their Headphones with a functional equivalent should defects emerge or cash payments of $25 or $50. *See* Settlement § 6. This relief is directly targeted to the harm suffered by the class and adequately redresses their injuries. Accordingly, this factor weighs in favor of approval.

The fifth factor weighs against approval. Although the parties assert that informal discovery had been taken, settlement was reached before Plantronics's motion to dismiss was adjudicated. The lack of formal discovery and significant litigation weighs against final approval.

Sixth, the experience and views of counsel weigh in favor of approval. Counsel for both parties are experienced class action attorneys and view the Settlement favorably.

The seventh *Churchill* factor is neutral as there is no government participant.

Finally, the reactions of the class members suggest that approval is warranted. Approximately 650,000 notices were sent to identified class members and 49,895 class members submitted claims. *See* Dkt. No. 94-1. Only one objection to the settlement was received and only three class members opted out of the class. The claim rate was approximately 3.8%. This rate is reasonable in light of Class Counsel's efforts to ensure that notice was adequately provided to the Class. Likewise, the claim rate is within the range of response rates approved by the Ninth Circuit. *See, e.g.*, *Online DVD-Rental Antitrust*, 779 F.3d at 941 (approving settlement with 3.4% claim rate). The positive response to the settlement weighs in favor of approval.

Finally, the Court has found no evidence of collusion between Shin and Plantronics. The Settlement's terms for class compensation was reached after a full-day mediation session. *See* Dkt. No. 70-11 ¶¶ 5–7. Attorneys' fees, however, were not resolved until two months after that session. *Id.* ¶ 8.

Although the Settlement provides for a "clear sailing" arrangement for attorneys' fees, other indicia of collusion are not present. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir.2011). The agreed-upon attorneys' fee of $650,000 is not, for example, disproportionate to the relief provided to the class. Nor do any unpaid attorneys' fees revert to Plantronics. And the Settlement provides that approval of attorneys' fees are "separate from and independent of the Court's determination of whether to approve the Settlement." Settlement § 10.2. The Settlement also received only one objection and that objection, as explained below, is groundless. Thus, the Court finds that there was no collusion between the parties.

Accordingly, the Court finds that the Settlement is fair, reasonable, and adequate and GRANTS final approval of the Settlement.

### C. Objections to the Settlement

Only one objection was made to the Settlement. *See* Dkt. No. 86. Class member Troy Scheffler mailed his objection to the claims administrator on November 22, 2019 (*see id.* at 4), and filed it with the Court on December 2, 2019. *Id.* Scheffler's objection is groundless.

First, Scheffler's objection was untimely. The Court's order preliminarily approving the Settlement required all objections be "filed or delivered to the Court by November 22, 2019." Dkt. No. 75 at 8–9. The Court did not receive Scheffler's objection until December 2, 2019.

In any case, Scheffler's objection fails on the merits. Scheffler first argues that the Settlement does not treat class members equitably relative to each other because it does not consider the possibility that individual class members may have paid different amounts for their Headphones. *See* Dkt. No. 86 at 2. But the injury suffered by each class member is

7

the same—i.e., the decrease in value of the Headphone as a result of the defect—regardless of their purchase price.

Scheffler next argues that the Settlement "arbitrarily and unconscionably limited" the second alternative remedy of a $50 cash payment to class members who had complained about the Headphones before the filing of this lawsuit. *Id.* The Court disagrees. The requirement that a class member prove that they previously complained about the defects asserted in the complaint is not arbitrary. It may, for example, assure the parties that the class member's Headphone actually suffered from the alleged defect. Accordingly, the Court OVERRULES Scheffler's objections.

**III. Conclusion**

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion for Final Approval of Settlement. The Court finally approves the Settlement in the form contemplated by the Settlement Agreement (Dkt. No. 70-2). All valid Claims must be paid according to the terms of and by the deadlines set forth in the Settlement.

The Court discharges and releases the Released Parties from all Settled Class Claims as those terms are defined in the Settlement.

The parties must file a joint status report regarding the disbursement of class members' claims, broken down by claim amount, within **60 days** of this order.

The Court retains subject matter jurisdiction over the claims in this action and personal jurisdiction over Plantronics and the class members for purposes of enforcing this Court's final approval order and the terms of the Settlement. This retention of jurisdiction does not affect the finality of the Court's judgment.

**IT IS SO ORDERED.**

Dated: January 31, 2020

_____
NATHANAEL M. COUSINS
United States Magistrate Judge